Argued and submitted December 3, 1984, affirmed February 6, 1985

In the Matter of the Compensation of
John K. Eder, Claimant.

ARGONAUT INSURANCE COMPANIES,
*Petitioner,*

*v.*

EDER,
*Respondent.*

(82-0772; CA A31417)

695 P2d 72

Lavonne Reimer, Portland, argued the cause for petitioner. On the brief were Rick T. Haselton and Lindsay, Hart, Neil & Weigler, Portland.

Diana Craine, Portland, argued the cause for respondent. On the brief were Victor A. Calzaretta and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Before Gillette, Presiding Judge, and Warren and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Argonaut Insurance Companies (Argonaut) petitions for review of a Workers' Compensation Board order requiring it to accept claimant's asbestosis claim. Argonaut asserts that the claim is time-barred. We disagree and therefore affirm the Board.

Claimant's last injurious exposure to asbestos occurred on March 9, 1976. At the time, *former* ORS 656.807(1) provided a five-year limitation period for all occupational disease claims except those for silicosis or radiation injury. *See Stone v. SAIF,* 57 Or App 808, 646 P2d 668 (1982), *rev dismissed* 294 Or 442 (1983). In 1981, the legislature amended the statute to provide a 40-year limitation period for asbestosis claims. Or Laws 1981, ch 535, § 47, *codified as* ORS 656.807(4).[1] The effective date of the change was more than five years after claimant's last injurious exposure. Claimant's physician first told him that he had asbestosis on March 2, 1982. Claimant filed this claim on May 15, 1982, after his right to bring a claim under the former statute was time barred.

■     Argonaut argues that claimant's right to compensation is controlled by the law in force at the time of his injury, which occurred no later than his last injurious exposure. We disagree. The statute on which Argonaut relies, ORS 656.202(2),[2] applies only to a claimant's substantive rights to compensation. It does not apply to the procedural requirements for filing a claim or to the period within which a claimant must file. In contrast to Argonaut's position, we have generally given retroactive effect to workers' compensation statutes which change the time within which claimants must

---

[1] ORS 656.807(4) provides:

"All occupational disease claims for asbestosis or asbestos-related diseases are void unless a claim is filed within 40 years after the last exposure in employment subject to the Workers' Compensation Law and within 180 days from the date the claimant either becomes disabled or is informed by a physician that the claimant is suffering from asbestosis or asbestos-related diseases, whichever is later."

[2] ORS 656.202(2) provides:

"Except as otherwise provided by law, payment of benefits for injuries or deaths under ORS 656.001 to 656.794 shall be continued as authorized, and in the amounts provided for, by the law in force at the time the injury giving rise to the right to compensation occurred."

assert their rights. *See Barrett v. Union Oil Distributors,* 60 Or App 483, 486-87, 654 P2d 668 (1982), *rev den* 294 Or 569 (1983); *Holden v. Willamette Industries,* 28 Or App 613, 560 P2d 298 (1977).

The question is one of legislative intent. In this case we see no basis, inside or outside the legislative record, for holding that the legislature did not intend the workers' compensation rule of retroactivity demonstrated by *Barrett* and *Holden* to apply. If anything, the facts that asbestosis often takes decades to become manifest and that many current claims arise from work in the wartime ship building industry suggest an intent to make the change retroactive. Claimant's claim was timely. *See Fossum v. SAIF,* 52 Or App 769, 629 P2d 857 (1981), *aff'd* 293 Or 252, 646 P2d 1337 (1982).

Affirmed.