Argued and submitted September 16, 1985, affirmed February 26, reconsideration denied May 9, petition for review denied June 17, 1986 (301 Or 240)

In the Matter of the Compensation of
Grover J. Johnson, Claimant.

### JOHNSON,
*Petitioner,*

*v.*

### STATE ACCIDENT INSURANCE FUND CORPORATION,
*Respondent.*

(WCB 83-03059; CA A34242)

714 P2d 1098

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief were Jeffrey S. Mutnick, and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge Pro Tempore, and Van Hoomissen and Young, Judges.

YOUNG, J.

**YOUNG, J.**

Claimant seeks review of a Workers' Compensation Board order dismissing his claim for asbestosis. The Board affirmed the referee's dismissal of the claim, because claimant's last exposure to asbestos occurred before the enactment of the Occupational Disease Law, Or Laws 1943, ch 442, effective July 1, 1943. *See* Or Laws 1943, ch 442, § 14, now ORS 656.802- 656.807. We affirm.

The dispute centers on the compensability of an asbestos-related occupational disease. Claimant was exposed to airborne asbestos fibers from December, 1941, through December, 1942. On January 18, 1983, he filed a claim for an asbestos-related disease.[1] SAIF denied the claim, and claimant requested a hearing. The referee granted SAIF's motion to dismiss on the ground that occupational diseases were not compensable in 1942, when claimant was last exposed.

Claimant argues that his claim is compensable, because (1) his right to compensation did not accrue until he became disabled by the disease, at which time the Occupational Disease Law was in effect, or (2), in any event, the Occupational Disease Law should be applied retroactively. We discuss the arguments in turn.

Occupational diseases were not compensable under the Oregon's Workers' Compensation Law before July 1, 1943. *See White v. State Ind. Acc. Com.,* 227 Or 306, 310, 362 P2d 302 (1961); *Ryan v. State Ind. Acc. Com.,* 154 Or 563, 567, 61 P2d 426 (1936); *Iwanicki v. State Industrial Acc. Com.,* 104 Or 650, 664, 205 P 990 (1922). The 1943 statutory definition of an occupational disease was essentially the same as the present definition. ORS 656.802(1)(a) provides:

"(1)   As used in ORS 656.802 to 656.824, 'occupational disease' means:

(a)   Any disease or infection which arises· out of and in the scope of the employment, and to which an employe is not

---

[1] At oral argument, SAIF's counsel argued that the claim was untimely, because it was not filed within 40 years of the last exposure as is required by ORS 656.807(4). Claimant's attorney responded that he believed the parties had stipulated below that that was not an issue. We are unable to find such a stipulation in the record. However, the record was not sufficiently developed on this issue and, therefore, we are unable to reach it.

ordinarily subjected or exposed other than during a period of regular actual employment therein."

An occupational disease is considered an "injury" under the Workers' Compensation Law. ORS 656.804. The procedure for processing occupational disease claims is the same as that for accidental injuries. ORS 656.807(5).

ORS 656.202(2) provides:

"Except as otherwise provided by law, payment of benefits for injuries or deaths under ORS 656.001 to 656.794 shall be continued as authorized, and in the amounts provided for, by the law in force at the time *the injury giving rise to the right to compensation occurred.*" (Emphasis supplied.)[2]

Claimant argues that, because his right to compensation for an occupational disease could not have accrued until he became disabled, his "injury" for the purposes of ORS 656.202(2) occurred when he became disabled, not when he was last exposed to asbestos. Because the Occupational Disease Law was in force when he became disabled, claimant continues, his claim is covered. We do not agree.

The question of when the "injury" resulting from an occupational disease occurs has not been addressed in Oregon. ORS 656.804 provides:

"An occupational disease * * * is considered an injury for employes of employers who have come under ORS 656.001 to 656.794, except as otherwise provided in ORS 656.802 to 656.824."

The statute fails to specify whether the "injury" occurs when a claimant is last exposed to the injurious conditions or when the disease becomes disabling.[3]

■      We believe that using the date of last exposure is consistent with the language of ORS 656.202(2), which provides that the controlling law is "the law in force at the time

---

[2] The emphasized language in ORS 656.202(2) was enacted in 1951. Or Laws 1951, ch 332, § 6. The legislative history is unavailable.

[3] The legislatures of some states have avoided the ambiguity by expressly choosing between these alternatives. For example, NC Rev Stat § 97-52 (Michie 1979) provides:

"*Disablement or death* of an employee resulting from an occupational disease * * * shall be treated as the happening of an injury by accident * * *." (Emphasis supplied.)

the injury *giving rise to* the right to compensation occurred."
ORS 656.202(2). (Emphasis supplied.) That language indi-
cates that an injury is *separate* from a right to compensation.
Had the legislature intended otherwise, it could have provided
that the controlling law is the law in effect when the right to
compensation accrues. We recognized the distinction in
*United Pac. Reliance Inc. v. Banks,* 64 Or App 644, 669 P2d
831 (1983),[4] and we adhere to it here.

Moreover, we are convinced that using the date of
last exposure is the better rule. This is not the view of
Professor Larson, who states[5] that the date of disability
provides the most workable solution to the difficult problem of
determining which law to apply in occupational disease cases:

> "Occupational disease cases typically show a long history
> of exposure without actual disability, culminating in the
> enforced cessation of work on a definite date. *In the search for
> an identifiable instant in time which can perform such
> necessary functions as to* start claim periods running, estab-
> lish claimant's right to benefits, *determine which year's
> statute applies,* and fix the employer and insurer liable for
> compensation, *the date of disability has been found the most
> satisfactory. Legally, it is the moment at which the right to
> benefits accrues * * *."* 4 Larson, *Workmen's Compensation
> Law,* § 95.21, 17-79—17-86 (1979). (Emphasis supplied; foot-
> notes omitted).[6]

We do not agree that, *for the purpose of determining which*

---

[4] In *Banks,* we rejected the argument that the date of disability controls in
accidental injury cases. The claimant was injured while United Pacific (U.P.) was the
carrier, but he did not become disabled until after Argonaut Insurance became the
carrier. We held that U.P. was the responsible carrier, stating:

> "U.P. argues that, because claimant did not miss work or seek medical
> treatment while U.P. was the carrier, it should not be responsible. The referee
> stated that 'compensation payments are not for the injury. They are for disable-
> ment.' We agree with the Board that the insurer covering the risk at the time of
> the injury bears responsibility for that injury, *even if resulting disability develops
> later.* That is the arrangement contemplated by the compensation statutes. *See,
> e.g.,* ORS 656.005(19), ORS 656.202(2)." 64 Or App at 651. (Emphasis supplied;
> footnote omitted.)

[5] The quoted language has been deleted from the current edition of *Larson.*

[6] In *Bracke v. Baza'r,* 293 Or 239, 247, 646 P2d 1330 (1982), the court held that, for
the purpose of determining which of two successive insurers is the responsible insurer,
the date of disability controls. Claimant argues that we should adopt the same date for
the purpose of determining which year's statute applies. We disagree. The concerns
which lead us to adopt the date of last exposure, *i.e.,* implicit retroactivity and the
language of ORS 656.202(2), were not present in *Bracke.*

*year's statute applies,* the date of disability is more satisfactory than the date of last exposure. We are not persuaded by Larson's argument that the date of disability should control because a claimant's right to compensation accrues only upon disability. He overlooks the fact that, in the present context, using the date of disability would impose a new obligation with respect to a past transaction, and thereby work a retroactive application of a compensation statute.

In workers' compensation law, the obligation to pay compensation arises *solely* from the employment relationship.[7] Here, the entire employment relationship took place before the enactment of the Occupational Disease Law. At the time of the employment transaction, the employer would have had no obligation to pay compensation, because occupational diseases were not then compensable. In contrast, if we were to adopt claimant's date of disability argument, there would be an obligation to pay compensation. Thus, using the date of disability would, in effect, work a retroactive application of a compensation statute. *See Walker v. Johns-Manville,* 311 So 2d 506, 508 (La App 1975); *Anderson v. Sunray Electric,* 173 Pa Super 566, 98 A2d 374 (1953).[8] As discussed below, we have refused to apply compensation statutes retroactively without some support for doing so in the legislative history. We will not do implicitly what we have refused to do explicitly. To avoid an implicit retroactive application of a compensation statute, we believe that using the date of last exposure is the better rule. For those reasons, we hold that, for the purposes of ORS 656.202(2), the "injury" resulting from an occupational disease occurs on the date of last exposure.

---

[7] Employers are liable for compensation only if an injury "aris[es] out of and in the course of employment," ORS 656.005(8)(a), or if an occupational disease "arises out of and in the scope of the employment." ORS 656.802(1)(a).

[8] Several courts have held that using the date of disability does not work a retroactive application of a compensation statute. *See, e.g., Frisbie v. Sunshine Mining Co.,* 93 Idaho 169, 457 P2d 408 (1979); *Wood v. J. P. Stevens & Co.,* 297 NC 636, 256 SE2d 692 (1979). We think that these cases focused only on one side of the retroactivity equation, the accrual of rights, ignoring the fact that a statute operates retroactively if it *either* impairs existing rights *or* creates new obligations with respect to past transactions. *Kolodejchuk v. Lucier,* 52 Or App 981, 985, 630 P2d 889 (1981). Although it is true that the *amount* of an insurer's liability is not determinable until the claimant becomes disabled, the *liability itself* exists, if at all, as the result of a work-related exposure.

Claimant's final argument is that the Occupational Disease Law should be applied retroactively, because the 1981 enactment of a 40-year statute of limitations for asbestos-related diseases, Or Laws 1981, ch 535, § 47, demonstrates a legislative intent to include claims arising from asbestos exposures before July 1, 1943. We disagree.

In *Bradley v. SAIF,* 38 Or App 559, 590 P2d 784, *rev den* 287 Or 123 (1979), we held an amendment to ORS 656.218, relating to eligibility for benefits, was not to be given retroactive effect. We stated:

> "The key factor in retroactive application questions is legislative intent. *See, e.g., Mahana v. Miller,* 281 Or 77, 573 P2d 1238 (1978); *Employment Div. v. Bechtel,* 36 Or App 831, 585 P2d 769 (1978). That intent may be discerned from the effects of retroactive application. As the court stated in *Joseph v. Lowery,* 261 Or 545, 548-49, 495 P2d 273 (1972):

> " '[T]his court has refused to give retroactive application to the provisions of statutes which affect the legal rights and obligations arising out of past actions. This is without respect to whether the change might be "procedural or remedial" or "substantive" in a strictly technical sense.'

> In the present case, application of current law rather than former law would change the rights and obligations arising out of past transactions. Respondent could be liable for greater payments than those for which it would have been liable under former law. In light of the express language of ORS 656.202(2), the presumption against retroactive application (*Smith v. Clackamas County,* 252 Or 230, 448 P2d 512 (1969)) and the absence of any legislative history supporting retroactivity, we hold that the amendment to ORS 656.218 applies prospectively only." 38 Or App at 564.

*See also Miner v. City of Vernonia,* 47 Or App 393, 398, 614 P2d 1206, *rev den* 290 Or 149 (1980). *Bradley* controls the present case. As noted above, if we were to apply the Occupational Disease Law retroactively, we would be imposing a new obligation on SAIF with respect to claimant's past exposure to asbestos. We will not apply the law retroactively unless the legislature has indicated a contrary intent.

After a thorough examination of the legislative history, we find no indication that the 1981 Legislature intended

retroactive application of the Occupational Disease Law.[9] Moreover, the 1943 Legislature, which first enacted the Occupational Disease Law, indicated that it did not intend retroactive application. Section 8 of the original act provided:

"Nothing in this act shall entitle an employee, or his dependents, to compensation, medical treatment, or payment of funeral expenses, for disability or death from silicosis, unless the employee has been subject to injurious exposure to silica dust (silicon dioxide) in his employment in Oregon preceding his disablement, for periods amounting in all to at least five years, *some portion of which shall have been after the effective date of this act.*" Or Laws 1943, ch 442, § 8. (Emphasis supplied.)[10]

We therefore hold that the Occupational Disease Law does not apply retroactively to asbestosis and asbestos-related claims if the last exposure occurred before July 1, 1943.

Affirmed.

---

[9] The legislature *did* intend that the 40-year Statute of Limitations apply retroactively. *See Argonaut Insurance Companies v. Eder,* 72 Or App 54, 57, 695 P2d 72 (1985). There is, however, no indication that the legislature even considered retroactive application of the Occupational Disease Law.

[10] The legislative history of this bill is unavailable.