Argued and submitted September 5, 1985, affirmed April 30, reconsideration denied July 11, petition for review denied August 26, 1986 (301 Or 666)

In the Matter of the Compensation of
Robert W. Brown, Claimant.

**BROWN,**
*Petitioner,*

*v.*

**SAIF CORPORATION,**
*Respondent.*

(WCB 83-10907; CA 34238)

717 P2d 1289

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief was Malagon & Associates, Eugene.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Claimant petitions for review of an order of the Workers' Compensation Board that reversed the referee and reinstated SAIF's denial of his claim for medical services. We affirm.

During January, 1983, claimant worked at a demolition project in downtown Portland as an electrician. Over the course of two weeks, he was exposed to asbestos dust. Shortly thereafter, he was laid off. Claimant saw a television program which described the dangers of exposure to asbestos, and he became concerned that his exposure might have damaged his health. He filed a claim in September, 1983, and then was examined by a number of physicians. The consensus among the doctors was that he was presently healthy but that his exposure might someday result in mesothelioma or another asbestos-related disability. They advised him to quit smoking and submit to regular chest x-rays.

SAIF denied the claim, asserting that claimant was not exposed to asbestos during the course of work activities and that he did not have any asbestos-related lung disease. The referee set aside the denial, found that claimant had been exposed to asbestos and ruled that work-related exposure to asbestos constitutes a non-disabling compensable injury:

"The exposure at this time is an injury in and of itself within the meaning of the law in that it was an occurrence which reasonably required medical services. It also, of course, may form the basis of an occupational disease claim sometime in the future.

"* * * * *

"I find that it was reasonable under the circumstances for this claimant to obtain medical services, i.e., evaluation, base line testing and medical advice regarding the consequences of his exposure. I find that the medical services are covered under ORS 656.245."

Although agreeing that claimant had been exposed to asbestos dust, the Board disagreed with the referee's conclusion that exposure could constitute an "injury" and reinstated the denial:

"Claimant seems to be arguing that he has been injured because he requires medical services. From our review of this

scant record we conclude that what medical services claimant has sought were sought *solely* to learn what his physical condition was. Claimant learned from his visits with the physicians that his condition was excellent. He also learned that he should stop smoking cigarettes. None of the medical services claimant has sought were [*sic*] *required*. Claimant has no condition that requires treatment." (Emphasis in original.)

■ ORS 656.245 states that "for every compensable injury, the insurer * * * shall cause to be provided medical services for conditions resulting from the injury * * *." "Compensable injury" is defined by ORS 656.005(8)(a) as

"an accidental injury * * * arising out of and in the course of employment requiring medical services or resulting in disability or death * * *."

A "nondisabling compensable injury" is defined by ORS 656.005(8)(c) "as any injury which requires medical services only." Under ORS 656.245, a "compensable injury" is a prerequisite for compensation.[1] Generally, an occupational disease is treated like an "injury."[2] Claimant concedes that he has as yet suffered no occupational disease as a result of his exposure to asbestos. He did not offer evidence that the exposure resulted in any change in his physical condition. Rather, he argues that "in cases of potentially toxic or poisonous exposure, it is the exposure to the dangerous substance that is an 'injury.'"

In *Johnson v. SAIF,* 78 Or App 143, 714 P2d 1098 (1986), a claimant who was exposed to asbestos in 1941, before the enactment of the occupational disease law, Or Laws 1943, ch 442, sought compensation for his subsequent asbestos-related disease. We discussed the word "injury" in ORS 656.202(2), which states:

"Except as otherwise provided by law, payment of benefits

---

[1] Neither the Workers' Compensation Law, ORS 656.001 to ORS 656.794, nor the Occupational Disease Law, ORS 656.802 to ORS 656.824, defines the word "injury." *See* ORS 656.005.

[2] An occupational disease is:

"Any disease or infection which arises out of and in the scope of employment, and to which an employe is not ordinarily subjected or exposed other than during a period of regular actual employment therein." ORS 656.802(1)(a).

Except as otherwise provided in ORS 656.802 to ORS 656.824, an occupational disease is considered an injury. ORS 656.804; ORS 656.807(5).

for injuries or deaths under ORS 656.001 to 656.794 shall be continued as authorized, and in the amounts provided for, by the law in force at the time the *injury* giving rise to the right to compensation occurred." (Emphasis supplied.)

We held that, in order to avoid an implicit retroactive application of the statute, "for purposes of ORS 656.202(2), the 'injury' resulting from an occupational disease occurs on the date of last exposure," rather than on the date of disability. 78 Or App at 146.

■   *Johnson,* however, is not controlling here. Although we equated "injury" with exposure for the purpose of determining the applicability of the statute which was enacted after the exposure but before the disability, our decision was explicitly limited to ORS 656.202(2) and cannot be read to hold that, as a general rule, an occupational disease occurs at the time of the exposure which causes the disease. That reading is inconsistent with the wording of the occupational disease law. *See, for example,* ORS 656.807(1) and (4). Our decision in *Johnson* reflected our concern that using the date of disability to determine the law governing the claim would effect a retroactive application of the occupational disease law in the absence of an expression of legislative intent to make the law retroactive. 78 Or App at 148. *Johnson* does not offer any support for claimant's argument that exposure constitutes an "injury" independently of the subsequent development of an occupational disease. The claimant in *Johnson* developed an occupational disease, which constituted an injury within the meaning of ORS 656.005(8). See n 2, *supra.* He was not claiming compensation for the exposure apart from the disease. The issue there was not *whether* an "injury" had occurred, but *when* the "injury" occurred.

■   We hold that claimant's exposure to asbestos was not by itself an "injury." Although the legislature enacted ORS 656.005(8)(c) to provide compensation for non-disabling injuries, we do not believe that it intended to provide compensation if the claimant does not prove that he has suffered actual physical or mental harm. *See* 1B Larson, *Workmen's Compensation Law* 7-575, § 42.10 (1986). Claimant's medical evidence showed that his exposure might result in a disease in the future, but he offered no evidence of any existing condition that would presently constitute an "injury" within the meaning of ORS 656.005(8).

Affirmed.