Argued and submitted September 23, 1991, affirmed January 22, 1992

Rhonda BARKLEY,
*Appellant,*

*v.*

CORRECTIONS DIVISION,
Kent Ward and John Doe,
*Respondents.*

(87-0346C; CA A64332)

825 P2d 291

Jess M. Glaeser, Portland, argued the cause for appellant. With him on the briefs was Hoffman, Matasar & Glaeser, Portland.

Jas. Adams, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiff appeals from a summary judgment in this negligence action. The issue is whether the sexual assault of plaintiff, a convenience store cashier, resulted in an injury for which she would have been entitled to benefits under the workers' compensation laws and for which defendants are therefore immune under the Oregon Tort Claims Act. ORS 30.265(3)(a).

In 1981, Hair began serving time in the Oregon State Correctional Institution (OSCI) for first degree sodomy and first degree sexual abuse. Those convictions arose out of an incident in which he assaulted a convenience store clerk. In 1984, he was transferred to the Corrections Division Release Center (CDRC) and placed on temporary leave. In January, 1985, he was granted "terminal leave" until his July parole date.

In April, 1985, while still in the constructive custody of the Corrections Division and under the supervision of the Field Services Office in Portland, Hair entered a convenience store where plaintiff was employed as a cashier. He unzipped his jeans, exposed his genitals and tried to force plaintiff toward him. She successfully resisted the assault, and Hair fled the store. He was subsequently convicted of first degree attempted sodomy in connection with that incident.

Plaintiff sued defendants[1] for negligence, alleging that: (1) they had failed to comply with the applicable rules and regulations regarding the transfer of inmates from OSCI to CDRC and, even if the rules were followed, they were negligent in the application of those rules; (2) they had failed to comply with mandatory rules and regulations regarding temporary and terminal leave and, even if the rules were complied with, they were negligent in granting temporary or terminal leave to Hair when they knew or should have known that he presented a substantial risk to the community; and (3) defendants had failed to supervise Hair adequately while

---

[1] Plaintiff alleges that defendant Corrections Division was responsible for Hair's "parole, probation and temporary leave," defendant Ward was a Corrections Division employee "in charge of and responsible for" his temporary leave program, and defendant Doe, another Corrections Division employee, was the probation officer responsible for his supervision.

he was on terminal leave. Plaintiff seeks $250,000 in general damages for severe emotional distress.

The trial court concluded that defendants are immune from liability under the Oregon Tort Claims Act, because each of the alleged negligent acts involved the performance of discretionary duties, ORS 30.265(3)(c),[2] and, also, because plaintiff was covered by Oregon's Workers' Compensation Law at the time of the assault. ORS 30.265(3)(a).

Plaintiff's first assignment of error is directed at the trial court's ruling on workers' compensation coverage. ORS 30.265(3)(a) provides:

"(3) Every public body and its officers, employees and agents acting within the scope of their employment or duties * * * are immune from liability for:

"(a) Any claim for injury to or death of any person covered by any workers' compensation law."

Plaintiff argues that, although she had workers' compensation coverage at her place of employment, she was not "covered by" workers' compensation for purposes of ORS 30.265(3)(a), because she did not sustain a compensable injury. ORS 656.005(7)(a). She did not file a workers' compensation claim and has received no benefits. The state argues that, because plaintiff's employer carried workers' compensation insurance, plaintiff was covered by the Workers' Compensation Law, regardless of whether she sought or received benefits.

■  Plaintiff is covered by workers' compensation law, for purposes of ORS 30.265(3)(a), if she suffered a compensable injury. *See Hendrickson v. Lewis*, 94 Or App 5, 7, 764 P2d 577 (1988); *Thornton v. Hamlin*, 41 Or App 363, 365, 597 P2d 1307, *rev den* 288 Or 1 (1979). ORS 656.005(7)(a) then provided, in pertinent part:

---

[2] ORS 30.265(3)(c) provides:

"(3) Every public body and its officers, employees and agents acting within the scope of their employment or duties * * * are immune from liability for:

"* * * * *

"(c) Any claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused."

"A 'compensable injury' is an accidental injury * * * *arising out of and in the course of employment requiring medical services or resulting in disability or death*; an injury is accidental if the result is an accident, whether or not due to accidental means." (Emphasis supplied.)

Plaintiff concedes that her injury was "accidental," from the employer's perspective, and that it arose in the course of her employment; she acknowledges that Hair attacked her at her place of employment, during work hours, and while she was engaged in work activities. However, plaintiff argues that the assault did not "arise out of" her employment as a convenience store cashier, because it was not work-related. She points to the fact that Hair entered the store to sexually assault her, not to commit a robbery.

■■     Unlike the assault in *Robinson v. Felts*, 23 Or App 126, 541 P2d 506 (1975),[3] the attack on plaintiff was not the result of a personal relationship between herself and Hair. Therefore, his motivation alone is not determinative of the compensability of her injury. *See* 1 Larson, *Workmen's Compensation Law* 3-196, § 11.11(b) (1990 and 1991 supp). An assault by a third person is deemed to arise out of a claimant's employment when the assault is the result of the nature of the work or when it originates from some risk to which the work environment exposes the employee. *See, generally*, 1 Larson, *supra*, at 3-178, § 11.00; 99 CJS, "Workmen's Compensation," § 227.

■     The Supreme Court has held that a claimant's injury is sufficiently work-related to be compensable under the workers' compensation law if the accident "had its origin in a risk connected with the employment." *Phil A. Livesley Co. v. Russ*, 296 Or 25, 32, 672 P2d 337 (1983).[4] It is undisputed that plaintiff was assaulted while carrying out the business of her employer. She was working alone. The assault occurred late at night, when no other customers were in the store. Plaintiff's position as cashier subjected her to unavoidable

---

[3] In *Robinson*, the employee's murder was the result of a troubled personal relationship with the assailant, and it was only by chance that the murder occurred while she was at her place of employment.

[4] Courts in other jurisdictions have reached the same conclusion in similar cases. *See, e.g., Jesse v. Savings Products*, 772 SW2d 425, 427 (Tenn 1989); *Holthaus v. Industrial Comm'n*, 127 Ill App 3d 732, 469 NE2d 237 (1984).

and indiscriminate contact with the general public. Behavior of store customers was a hazard of her employment. Her work environment increased her exposure to people who might commit violent crimes, and especially to those who have a history of attacking convenience store clerks. There was a sufficient relationship between the assault and a risk connected with plaintiff's employment to conclude that the injury arose out of and in the course of her employment.

■ ■    We turn to plaintiff's final contention. She argues that her injury was not compensable, because it did not "requir[e] medical services or result[] in disability * * *." ORS 656.005(7)(a). The record shows otherwise. After the assault, she visited her gynecologist and received treatment for problems that she was having in her sexual relationships as a result of the assault. Although she did not seek the assistance of a mental health professional at that time, her present claim is for severe emotional distress.[5] Plaintiff's failure to avail herself of additional medical services for her stress-related symptoms does not mean that she did not sustain an injury that required treatment. *See Finch v. Stayton Canning Co.*, 93 Or App 168, 173, 761 P2d 544 (1988). The fact that one has sought medical services does not establish that one has a compensable injury, *Brown v. SAIF*, 79 Or App 205, 207-08, 717 P2d 1289, *rev den* 301 Or 666 (1986); likewise, choosing *not* to seek medical services does not establish that one has *not* sustained a compensable injury.

Because plaintiff's injury arose out of and in the course of her employment and necessitated treatment, it was compensable under the Workers' Compensation Law. Accordingly, defendants are immune from tort liability. ORS 30.265(3)(a); *Hickey v. Union Pacific Railroad Co.*, 104 Or App 724, 728, 803 P2d 275 (1990).

We need not address the trial court's other rulings.

Affirmed.

---

[5] Plaintiff testified that, as a result of the assault, she changed jobs, ended her marriage, "lost interest in everything" and could not control how she acted in crowds.