Argued and submitted March 10, 1999, affirmed May 3, petition for review denied
September 26, 2000 (331 Or 191)

In the Matter of the Compensation of
Patsy J. Evenson, Claimant.

K-MART,
*Petitioner,*

*v.*

Patsy J. EVENSON,
*Respondent.*

(97-07020; CA A103326)

1 P3d 477

Karen O'Kasey argued the cause for petitioner. With her
on the brief was Schwabe, Williamson & Wyatt.

Robert E. Nelson argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Employer seeks judicial review of the Workers' Compensation Board's order that determined that claimant's claim is compensable. Employer's sole contention is that the Board misunderstood and misapplied the statutory definition of the term "compensable injury." ORS 656.005(7)(a). We therefore review for errors of law, ORS 656.298(7), ORS 183.482(8), and affirm.

The facts are not disputed. At the hearing, employer and claimant stipulated to many of the pertinent facts, and employer does not argue that any of the Board's findings are not supported by substantial evidence. We take the following facts from the parties' stipulation, from the Board's and administrative law judge's (ALJ) findings, and from the record. Claimant works as a store manager for employer. While working on May 25, 1997, claimant assisted a man who was in a wheelchair. The man had defecated and had feces and blood on his hands. In the process, claimant was exposed to the blood and feces, which also got on her hands. At the time, claimant had sores on her hands, which were the result of an unrelated medical condition. Afterwards, the man told claimant that he was HIV positive, and he appeared to be very ill. Claimant was unable to leave work immediately because other employees were absent. However, an emergency room physician urged her over the telephone to come to the hospital as soon as possible and to seek prophylactic treatment for possible exposure both to HIV and hepatitis. At the request of both the emergency room physician and her own treating doctor, claimant later received testing and prophylactic treatment for HIV and hepatitis A and B. The test results so far have been negative.

Although employer paid claimant's medical bills on what it terms a "diagnostic basis," it denied her claim.[1] After a hearing, the ALJ set aside the denial, finding that the claim

---

[1] We agree with employer that the fact that it paid for claimant's treatment does not alone establish compensability. ORS 656.262(10) ("Merely paying or providing compensation shall not be considered acceptance of a claim or an admission of liability * * *.").

is compensable. On review, the Board agreed with the ALJ. The Board determined that:

> "it is undisputed that claimant *was* exposed at work to bodily fluids of another person infected with HIV. It is also undisputed that she *required* prophylactic and preventative medical services as a result of this exposure. Based on the undisputed medical evidence establishing that medical services were required as a result of the work incident, we agree with the ALJ that claimant suffered a compensable injury under the statute." (Emphasis in original.)

On review, employer argues that the Board erred when it concluded that claimant suffered a compensable injury within the meaning of the workers' compensation statutes. Employer contends that claimant did not prove that she had contracted any disease or suffered from any symptoms. Based on that contention, employer argues that "[i]t is well settled that an exposure that does not result in actual physical or mental harm does not in and of itself constitute an injury or disease." We agree that claimant has not shown that she has any disease or symptoms, but such a showing is not necessarily required to prove the existence of a "compensable injury."

■　The term "compensable injury" is defined in ORS 656.005(7)(a), as follows:

> "A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means, if it is established by medical evidence supported by objective findings[.]"[2]

In analyzing the meaning of the statutory term "compensable injury," we use the methodology prescribed in *PGE v. Bureau of Labor and Industries,* 317 Or 606, 610-12, 859 P2d 1143 (1993). We, therefore, begin with the text and context of the statute. *Id.* at 610.

---

[2] That definition is subject to certain statutory limitations that do not apply here.

The statute does not define the word "injury." That word generally means:

"**1 a:** an act that damages, harms or hurts * * *;

"* * * * *

"**2:** hurt, damage, or loss sustained * * * ‹*injuries* to health› * * * ‹suffered severe *injuries* in the accident›;

"**syn** INJURY, HURT, DAMAGE, HARM and MISCHIEF mean in common the act or result of inflicting on a person or thing something that causes loss, pain, distress, or impairment. INJURY is the most comprehensive, applying to an act or result involving an impairment or destruction of right, health, freedom, soundness, or loss of something of value ‹sustain a leg *injury* in a fall› ‹mental or emotional upset is just as truly an *injury* to the body as a bone fracture, a burn, or a bacterial infection—G.W. Gray b. 1886› * * *."

*Webster's Third New Int'l Dictionary*, 1164 (unabridged ed 1993) (boldface and italics in original). Under the terms of ORS 656.005(7)(a), the harm, damage or hurt that is sufficient to amount to an "injury" is one "requiring medical services *or* resulting in disability or death[.]" (Emphasis added.) The statute does not require that a claimant's injury must both result in medical services and in disability or death. It is sufficient if the injury "requir[es] medical services." The statute provides a clear definition of the minimum degree of harm necessary for the existence of a "compensable injury."

■ Our conclusion is buttressed by an examination of the statutory context. By statute, a "compensable injury" may be either "disabling" or "nondisabling." ORS 656.005(7)(c), (d). The statute defines a "nondisabling compensable injury" as one that "requires medical services *only*." (Emphasis added.) The medical services need not be directed toward the cure of any existing, identifiable disease; diagnostic or other medical services will suffice. *Finch v. Stayton Canning Co.,* 93 Or App 168, 173, 761 P2d 544 (1988) (holding that ORS 656.005(7)(a)—then ORS 656.005(8)(a)—"makes no distinction between [medical] diagnosis and treatment"); *Collins v. Hygenic Corp. of Oregon,* 86 Or App 484, 739 P2d 1073 (1987).

Employer argues, however, that our prior case law requires that a "compensable injury" be one that results "in actual physical or mental harm[.]" Employer cites to our decisions in *Brown v. SAIF,* 79 Or App 205, 717 P2d 1289, *rev den* 301 Or 666 (1986), and *Johnsen v. Hamilton Electric,* 90 Or App 161, 751 P2d 246 (1988), as supporting its position. In *Brown*, the claimant had been exposed to asbestos during a two-week period. He later became concerned and sought medical advice. He was not diagnosed with asbestosis or any other condition, and no physician indicated that he needed or "required" medical treatment. We held that his exposure was noncompensable. As we later explained, the decision in *Brown* merely stands for the proposition that "[t]he fact that one has *sought* medical services does not [alone] establish that one has a compensable injury." *Barkley v. Corrections Div.,* 111 Or App 48, 53, 825 P2d 291 (1992) (emphasis added). Instead, the statute provides that the injury *require* medical services. ORS 656.005(7)(a).

Our decision in *Johnsen* is similar to that in *Brown*. Although employer argues that *Johnsen* holds that a claimant must "have an injury or disease in addition to a requirement for medical treatment," we said in that case, assuming the claimant had a condition related to his employment, that "the question remain[ed] whether, in the absence of disability, symptoms *or a need for treatment,* [the] claimant suffered from an 'occupational disease' so as to enable him to recover benefits for reasonable and necessary medical services." 90 Or App at 164 (emphasis added). Because the claimant did not have a disability, symptoms *or* a need for treatment, his claim was not compensable.

■     The principles we have outlined above are applicable here. Unlike the claimants in *Brown* and *Johnsen*, claimant's exposure "required" medical services. She had been exposed to serious, even life-threatening, pathogens, and the emergency room physician she consulted believed that the exposure required both testing and prophylactic treatment. Indeed, when claimant was slow to arrive at the emergency room because of her continuing work duties, the physician phoned her urging her to come to the hospital and seek treatment as soon as possible. Claimant's treating physician later

agreed that testing and treatment were required in claimant's situation. We hold under the circumstances that claimant's injury was a compensable one because it "requir[ed] medical services." ORS 656.005(7)(a).[3]

    Affirmed.

---

[3] Employer does not contend that this claim is not compensable because it is not supported by objective findings.