Argued and submitted December 21, 2006, affirmed May 2, 2007

In the Matter of the Compensation of
Charles J. Solberg, Claimant.

Charles J. SOLBERG,
*Petitioner,*

*v.*

TICE ELECTRIC;
EC Company; Far West Electrical Construction;
Dimitre Electric Co.; Ace Electric Co.; Midway Electric Co.;
L.W. Hembree; and SAIF Corporation,
*Respondents.*

Workers' Compensation Board
03-00534, 03-00535, 03-00536, 03-00537,
03-00538, 03-00539, 03-00540; A129565

157 P3d 1277

James S. Coon argued the cause for petitioner. With him on the briefs was Swanson, Thomas & Coon.

Jerome P. Larkin argued the cause and filed the brief for respondents.

Before Armstrong, Presiding Judge, and Schuman and Rosenblum, Judges.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Claimant seeks review of an order of the Workers' Compensation Board reversing an order of an administrative law judge (ALJ) and upholding employer's denial of claimant's occupational disease claim for an employment-related condition known as "pleural plaques." We affirm the board's order holding that claimant has not established an occupational disease.

The facts are undisputed. Claimant has noncompensable, severe chronic obstructive pulmonary disease, related to cigarette smoking. Because a chest x-ray showed pleural plaques, an asbestos-related condition, claimant was referred to Dr. Dorsett Smith for an asbestos evaluation. Smith reported:

> "The patient had a high-resolution CT scan of the chest, which revealed multiple, typical bilateral asbestos-related pleural plaques. There was one calcification in the coronary artery and a few calcifications in the aorta noted. The patient did not have any mass lesions consistent with lung cancer or evidence of a mesothelioma. I did not see significant diffuse pleural disease. The patient did not have evidence of asbestosis."

Smith stated that he did not find any evidence of impairment related to claimant's asbestos exposure, but recommended that claimant "remain under surveillance related to his prior asbestos exposure." Other physicians concurred in that diagnosis and the recommendation for chest x-rays.

■ Claimant sought benefits for an occupational disease claim for asbestosis and/or pleural plaques, and employer denied both conditions. Claimant requested a hearing. In the absence of evidence that claimant suffers from asbestosis, the ALJ upheld employer's denial of that condition. However, the ALJ held that claimant's pleural plaques, which the parties agree are caused by claimant's work exposure to asbestos, constitute a compensable occupational disease. On employer's appeal, the board reversed the ALJ, holding that, because the pleural plaques do not require medical treatment and do not cause any impairment of function or interrupt or modify any of claimant's vital functions,

claimant has not established the existence of a "disease" under ORS 656.802(1)(a). On claimant's petition, we conclude that the board's finding that claimant does not have a "disease" is supported by substantial evidence and therefore affirm.

As pertinent here, ORS 656.802(1)(a) defines an occupational disease as

> "any disease or infection arising out of and in the course of employment caused by substances or activities to which an employee is not ordinarily subjected or exposed other than during a period of regular actual employment therein, and *which requires medical services or results in disability* or death[.]"

(Emphasis added.) Further, ORS 656.802(2)(d) requires that the "[e]xistence of an occupational disease * * * be established by medical evidence supported by objective findings." It is undisputed that claimant has pleural plaques that were caused by his exposure to asbestos at work. The points in contention are whether that condition is a "disease" and, if so, whether the disease requires "medical services." One physician referred to claimant's condition as a "disease." However, the consensus medical opinion is that claimant's pleural plaques are benign and asymptomatic and do not cause any impairment of claimant's breathing, but that they are a sign that he is at higher than normal risk for developing adverse asbestos-related conditions, including cancer. The unanimous recommendation is that, although claimant does not currently require medical treatment, he should be monitored with annual chest x-rays. In claimant's view, that condition is a "disease," and the required chest x-rays are "medical services," within the meaning of ORS 656.802. Employer agrees with the board that, in the absence of some impairment of claimant's vital functions, there is no disease, *per se*. Because we agree with the board's conclusion that claimant does not currently suffer from a disease, we do not address whether the recommended x-ray monitoring for the progression of claimant's condition is a "required medical service[ ]."

■■ In *Mathel v. Josephine County*, 319 Or 235, 875 P2d 455 (1994), the court considered whether a heart attack caused by on-the-job stress was an injury or a disease. The

court noted that there is no statutory definition of the term "disease" and therefore referred to the dictionary to determine its meaning:

> "The ordinary meaning of the term 'disease' is 'an impairment of the normal state of the * * * body'; 'sickness, illness.' [*Webster's Third New Int'l Dictionary* 648 (unabridged ed 1993)]. 'Sickness' is defined in part as 'the condition of being ill.' *Id.* at 2111. 'Illness' is defined in part as 'an unhealthy condition of the body or mind.' *Id.* at 1127."

*Mathel*, 319 Or at 240. The court's construction of the statute becomes part of the statute itself. *Stephens v. Bohlman*, 314 Or 344, 350 n 6, 838 P2d 600 (1992); *accord Weyerhaeuser Co. v. Woda*, 166 Or App 73, 81, 998 P2d 226, *rev den*, 330 Or 361 (2000). Thus, a disease requires some "impairment of the normal state of the body" or a condition of "illness."

The board found that "it is clear from the medical evidence as a whole that the condition has not resulted in any impairment of function" and found on that basis that the record does not establish the presence of a disease. The board's finding is supported by substantial evidence. *Compare Johnsen v. Hamilton Electric*, 90 Or App 161, 164, 751 P2d 246 (1988) (in the absence of disability, symptoms or a need for treatment, findings on claimant's lungs consistent with a "pre-asbestosis condition" are not a "disease"), *with Brown v. SAIF*, 79 Or App 205, 717 P2d 1289, *rev den*, 301 Or 666 (1986) (although evidence showed that claimant's exposure to asbestos might result in a disease in the future, exposure was not by itself an injury). We conclude, further, that the board's standard of impairment of function is consistent with the definition adopted by the Supreme Court.

We reject claimant's contention that our opinion in *K-Mart v. Evenson*, 167 Or App 46, 51, 1 P3d 477, *rev den*, 331 Or 191 (2000), requires a different conclusion. There, we considered the compensability of diagnostic testing for a worker who had been exposed to the bodily fluids of a person infected with HIV. We agreed with the employer that the claimant had not shown that she had a disease. We concluded, nonetheless, that the testing was compensable under the statutory definition of "compensable injury," ORS 656.005(7)(a), reasoning that an "injury" for the purpose of that statute is a

"harm, damage or hurt" that requires medical services. 167 Or App at 50. We explained that the statute makes no distinction between medical services directed at the cure of an existing, identifiable disease and medical services directed at diagnosis of a condition. Distinguishing *Johnsen* and *Brown*, we reasoned that, in the occupational *injury* context, the absence of an identifiable disease or disability was not fatal to the claim. We concluded that the diagnostic tests that had been recommended for the claimant in order to rule out a serious, potentially life-threatening condition were "required medical services." *Id*. at 52. Here, we conclude that ORS 656.802 requires claimant to establish that he suffers from a disease and substantial evidence supports the board's finding that claimant does not suffer from a disease.

Affirmed.