Argued and submitted March 28, affirmed April 25, 2012

In the Matter of the Compensation of
Ronald O. Wagner, Claimant.

Ronald O. WAGNER,
*Petitioner,*

*v.*

JELD WEN, INC.,
*Respondent.*

Workers' Compensation Board
0906088; A147644

277 P3d 621

Jodie Anne Phillips Polich argued the cause for petitioner. With her on the briefs was Law Offices of Jodie Anne Phillips Polich, P.C.

Eric B. Mitton argued the cause for respondent. With him on the brief was Hornecker, Cowling, Hassen & Heysell, L.L.P.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

ORTEGA, P. J.

## ORTEGA, P. J.

Claimant seeks judicial review of an order of the Workers' Compensation Board (board) holding that he failed to establish a compensable injury relating to a workplace incident in which a coworker struck claimant in the groin with a retractable tape measure. Claimant asserts that the workplace incident was a material contributing cause of his need for medical services. We affirm the board's decision.

The facts are not disputed. While claimant, who is a carpenter, was performing the duties of his job, a coworker, in a teasing gesture, pulled a tape measure out to arm's length and let the heavy end swing and strike claimant in the groin. Claimant fell to his knees but, at the time, experienced only mild and temporary discomfort. He continued performing his regular work duties that day and did not experience any other pain or symptoms. The next day, a Thursday, claimant began the day without pain or other symptoms. He reported to work and completed his shift. During that day, however, claimant noticed that his right testicle began to swell and cause him some discomfort. Although claimant did not experience pain Thursday night and had no trouble sleeping, he awoke Friday morning to find his right testicle red, swollen, and extremely painful.

Claimant was unable to report for work on Friday and was examined by his treating physician, Dr. Gailis. Claimant had elevated blood pressure and a fever, as well as marked swelling, redness, and tenderness in the right testicle. Accordingly, Gailis ordered an ultrasound, a blood test, and a urinalysis. The tests revealed signs of an infection, and, as a result, claimant was hospitalized and started on a course of antibiotics. Gailis and the urological specialist who later reviewed claimant's records ultimately agreed that the infection was due to a viral or bacterial disease rather than trauma associated with the workplace incident.

Claimant sought compensation and employer denied his claim. After a hearing, the administrative law judge (ALJ) upheld the denial. On review, the board adopted the ALJ's order, which concluded that the work incident "was not a material contributing cause of his subsequent disability or

medical services." In reaching that conclusion, the board observed that, although claimant had clearly "received 'medical services' following the * * * work incident," the "real question * * * is whether those services were materially due to the incident." Given that the case presented "an expert medical causation question" and that the experts agreed that claimant's "condition and need for medical services was not related to the * * * work event," the board concluded that "claimant did not meet his burden of proving that it is more likely than not that the * * * work event was a material contributing cause of his subsequent disability or need for medical services."

On review, relying on *K-Mart v. Evenson*, 167 Or App 46, 1 P3d 477, *rev den*, 331 Or 191 (2000), claimant asserts that the board erred in determining that the workplace incident did not require the subsequent medical services—those are, the diagnostic services claimant obtained to determine the cause of the groin pain. He acknowledges that, pursuant to ORS 656.005(7)(a), he had the burden of proof to establish that the workplace incident "was a material contributing cause of his * * * need for medical services." In his view, he met that burden and established a compensable claim under ORS 656.005(7)(a).

ORS 656.005(7)(a) provides:

> "A 'compensable injury' is an accidental injury * * * arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means, if it is established by medical evidence supported by objective findings * * *."

"The statute does not require that a claimant's injury must both result in medical services and in disability or death. It is sufficient if the injury 'requir[es] medical services.' " *K-Mart*, 167 Or App at 50 (brackets in original); *see also* ORS 656.005(7)(d) (defining "nondisabling compensable injury" as "any injury which requires medical services only"). Furthermore, the "medical services need not be directed toward the cure of any existing, identifiable disease; diagnostic or other medical services will suffice." *Id.*

However, the mere fact that a person "has sought medical services does not establish that one has a compensable injury." *Barkley v. Corrections Div.*, 111 Or App 48, 53, 825 P2d 291 (1992) (citing *Brown v. SAIF*, 79 Or App 205, 207-08, 717 P2d 1289, *rev den*, 301 Or 666 (1986)). Rather, "the statute provides that the injury *require* medical services." *K-Mart*, 167 Or App at 51 (emphasis in original).

In *K-Mart*, while working, the claimant assisted a man in a wheelchair. The man

"had defecated and had feces and blood on his hands. In the process [of assisting the man], claimant was exposed to the blood and feces, which also got on her hands. At the time, claimant had sores on her hands, which were the result of an unrelated medical condition. Afterwards, the man told claimant that he was HIV positive, and he appeared to be very ill."

167 Or App at 48. As a result, the claimant was urged by an emergency room physician to "come to the hospital as soon as possible and to seek prophylactic treatment for possible exposure both to HIV and hepatitis." *Id.* We held that the claimant's injury was compensable because it required medical services: the claimant "had been exposed to serious, even life-threatening, pathogens, and the emergency room physician she consulted believed that the exposure required both testing and prophylactic treatment." *Id.* at 51. Furthermore, the claimant's treating physician later agreed that both testing and treatment were required as a result of the exposure.

In contrast, here, the record supports the board's finding that the workplace incident did *not* require claimant to seek medical services. Although claimant initially felt minor and temporary discomfort when he was struck in the groin, that discomfort did not last and claimant took no action at that time. It was not until two days after the workplace incident that, as a result of severe pain and swelling, claimant sought medical attention. However, the pain that caused claimant to seek medical attention was the result of an infection that was not caused by the workplace incident. In other words, it was the pain that he was suffering that required claimant to obtain medical services and, given that claimant's pain was unrelated to the workplace incident, the

incident cannot be said to have required the diagnostic services. Under those circumstances, the board did not err in determining that claimant failed to establish a compensable injury under ORS 656.005(7)(a).

Affirmed.