Argued and submitted November 27, 1990, affirmed February 20, 1991

In the Matter of the Compensation of
Theodore L. Nomeland, Claimant.

Theodore L. NOMELAND,
*Petitioner,*

*v.*

The CITY OF PORTLAND,
Bureau of Risk Management,
*Respondent.*

(88-01084; CA A63771)

806 P2d 175

Charles Robinowitz, Portland, argued the cause and filed the brief for petitioner.

David L. Jorling, Deputy City Attorney, Portland, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Claimant seeks review of an order of the Workers' Compensation Board that reversed the referee and allowed employer to offset claimant's preexisting hearing loss in determining his scheduled permanent disability.

Claimant suffered a compensable hearing loss while working for employer. The parties have stipulated that claimant also had a significant hearing loss before his employment, as established by an audiogram. The only question on review is how to treat claimant's documented, preemployment hearing loss in calculating the extent of his disability. The Board held that claimant was entitled to benefits only for the incremental loss caused by the employment and that his preemployment hearing loss should be deducted from his total loss in determining the amount of the award. We affirm.

■ Hearing loss is a scheduled disability. It is subject to the provisions of ORS 656.214(2):

> "When permanent partial disability results from an injury, the criteria for the rating of disability shall be the permanent loss of use or function of the injured member *due to the industrial injury.*

> "* * * * *

> "(g) For partial or complete loss of hearing in both ears, that proportion of 192 degrees *which the combined binaural hearing loss bears to normal combined binaural hearing.*"[1] (Emphasis supplied.)

Claimant contends that, when applied to a case such as this, where a portion of the claimant's total hearing loss is not caused by the employment, the statute requires that, when calculating benefits due to loss of hearing, the entire hearing loss, including preexisting disability, is considered. We disagree.

Subsection (2) bases the rating of disability on loss of use or function "due to the injury." Subparagraph (2)(g),

---

[1] *Compare* ORS 656.214(5):

"In all cases of injury resulting in permanent partial disability, other than those described in subsections (2) to (4) of this section, the criteria for rating of disability shall be the permanent loss of earning capacity due to the compensable injury."

which sets out the specific formula for the calculation of binaural hearing loss, would appear, in and of itself, to require that claimant be compensated for loss based on a comparison of his present total hearing loss with normal hearing, irrespective of any preexisting loss. We conclude, however, that the requirement stated in subsection (2), that the loss be "due to the industrial injury," must be read to apply to subparagraph (2)(g) and that the comparison required under that subparagraph must be made only between the claimant's hearing loss *due to the industrial injury* and normal hearing. The administrative rule, OAR 436-30-360(2), which is applicable in this case, is consistent with that reading:

> "Compensation for work-related hearing loss, whether diagnosed as an occupational disease or acoustic trauma, will be offset by pre-existing hearing loss *if previously compensated, presbycusis, or if supporting evidence such as base-line or pre-exposure audiograms are provided.*" (Emphasis supplied.)

We are satisfied that the Board correctly applied the statute and the rule to allow an offset of claimant's preexisting hearing loss, unless, as claimant contends, such an application is precluded by statute or case law.

■    ORS 656.222 provides:

> "Should a further accident occur *to a worker who is receiving compensation for a temporary disability, or who has been paid or awarded compensation for a permanent disability,* the award of compensation for such further accident shall be made with regard to the combined effect of the injuries of the worker and past receipt of money for such disabilities." (Emphasis supplied.)

That section permits an offset against an award of compensation when the claimant has received a previous award for permanent disability under the Oregon workers' compensation system. *American Bldg. Maint. v. McLees,* 296 Or 772, 679 P2d 1361 (1984). Claimant contends that the statute requires, by implication, that, if there has been no previous award of compensation for a disability, there can be no offset. Although we agree with the general premise, it must be applied in what appears to be the implicit context of the statute: The previous disability must have been compensable. ORS 656.222 simply has no significance with respect to previous noncompensable

disabilities and should not be read to imply anything with respect to such disabilities. It does not prohibit employer from offsetting claimant's preemployment disability in calculating claimant's award.

■     Claimant contends that the Board's decision is in conflict with the general principle that, in cases of successive, incremental injuries, liability for the entire disability is assigned to the last employer. *Bracke v. Baza'r, Inc.,* 293 Or 239, 646 P2d 1330 (1982). However, that rule applies to successive *employment-related* disabilities. It is not applied, in the context of partial disability, to hold an employer responsible for a non-work-related disability that pre-existed the injury. *See Barrett v. D & H Drywall,* 300 Or 325, 328, 709 P2d 1083 (1985), *on reconsideration* 300 Or 553, 715 P2d 90 (1986). We have held that, when injuries are so distinct that it is possible to segregate them in terms of causation, responsibility for the injuries can and will be apportioned between or among the employers. *Cascade Corporation v. Rose,* 92 Or App 663, 759 P2d 1127 (1988). Similarly, when it is possible, as here, to segregate a claimant's disability that preexisted his employment from that caused by the employment, the employer is responsible only for the disability caused by the employment.

■     Claimant's final contention is that this result conflicts with the maxim that the employer takes the worker as it finds him. *Bracke v. Baza'r, Inc., supra.* As applied in the context of unscheduled permanent disability, that maxim means that, if a compensable injury causes a previously asymptomatic condition to become symptomatic and, if those symptoms produce a loss of earning capacity, then that loss of earning capacity is "due to" the injury and is considered in evaluating unscheduled permanent disability. *See Barrett v. D & H Drywall, supra; Weller v. Union Carbide,* 288 Or 27, 602 P2d 259 (1979). In the context of scheduled permanent partial disability, which is measured by the permanent loss of use or function of the injured member *due to the industrial injury,* ORS 656.214(2), the maxim requires that, if the claimant has a predisposition to suffer a disability, and the injury, combined with that predisposition, causes a loss of use or function, the loss of use or function is due to the injury and is compensable. The rule is not applied, in the context of partial disability, to impose liability on the employer for disability or

loss of use or function that preexisted the employment. *See Barrett v. D & H Drywall, supra,* at 555.

We conclude that the Board correctly held that claimant's preexisting hearing loss, as determined by a pre-employment audiogram, should be offset from claimant's total hearing loss in determining the benefits to which he is entitled.

Affirmed.