Argued and submitted November 8, 1991, reversed and remanded for
reconsideration January 8, 1992

In the Matter of the Compensation of
Donald H. Smith, Claimant.

MEDFORD CORPORATION,
*Petitioner,*

*v.*

Donald H. SMITH,
*Respondent.*

(89-21043; CA A69499)

823 P2d 441

Jerry K. Brown, McMinnville, argued the cause for petitioner. With him on the brief was Cummins, Brown, Goodman, Fish & Peterson, P.C., McMinnville.

Claudette L. Yost, Medford, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Employer seeks review of an order of the Workers' Compensation Board holding that claimant has established that his employment while employer was self-insured was a material contributing cause of his left wrist carpal tunnel condition and that the claim is compensable as an occupational disease under ORS 656.802(1)(c).

Before July 1, 1988, employer was insured by SAIF. After that date, it became self-insured. Claimant, who worked as a machinist, began complaining about hand problems in February, 1988. In May, 1988, he filed a claim for carpal tunnel syndrome in the *right* wrist, which SAIF accepted. He later experienced pain in his left wrist, and studies in May, 1989, showed the need for left carpal tunnel surgery. On May 11, 1989, he filed a claim with SAIF for left wrist carpal tunnel syndrome. SAIF denied responsibility, claiming that the condition was not related to claimant's employment before July 1, 1988, when it had provided coverage for employer. Claimant did not seek a hearing on SAIF's denial.

The Board found that, although claimant had had some left hand symptoms in the winter of 1987 and the spring of 1988, he did not experience disability, seek medical treatment or receive a diagnosis until after July 1, 1988. It also found that claimant's work after July 1, 1988, could have contributed to the condition. Those findings are supported by substantial evidence. Under *Bracke v. Baza'r*, 293 Or 239, 646 P2d 1330 (1982), the Board correctly held that, in the absence of disability, the date of the onset of the disease is the date on which claimant first sought medical treatment.

Employer argues that, in view of SAIF's previous unchallenged denial of the claim, employer cannot now be held responsible for claimant's work exposure before July 1, 1988, and, therefore, the Board erred in considering it. We do not understand employer's attempt to distinguish responsibility for "exposure" from responsibility for the disease itself. Although, as a procedural matter, SAIF cannot be held responsible for the claim, employer, *self-insured* after July 1, 1988, can be held responsible for the entire condition, if the considerations that are relevant to the determination of responsibility as between SAIF and employer while self-

insured support that conclusion. Among those considerations would be claimant's work exposure, both before *and* after July 1, 1988, when employer became self-insured.

■    The parties agree that, in view of *Aetna Casualty Co. v. Aschbacher*, 107 Or App 494, 812 P2d 844, *rev den* 312 Or 150 (1991), the Board applied the wrong standard and that the correct test is whether the work was the major contributing cause of the condition. Claimant contends that the Board's order should, nonetheless, be affirmed, because there is substantial evidence to support a finding that the work was the major contributing cause. That is for the Board to decide in the first instance on remand.

Reversed and remanded for reconsideration.