Argued and submitted November 18, 1992, reversed and remanded with instructions
February 17, reconsideration denied April 14, petition for review denied
May 25, 1993 (316 Or 527)

In the Matter of the Compensation of
Christine DeGrauw, Claimant.

Christine DEGRAUW,
*Petitioner,*

*v.*

COLUMBIA KNIT, INC.
and Liberty Northwest Insurance Corp.,
*Respondents.*

(91-11604; CA A74033)

846 P2d 1214

Merrill Schneider, Portland, argued the cause and filed the brief for petitioner.

Alexander D. Libmann, Trial Counsel, Liberty Northwest Insurance Corporation, Portland, argued the cause for respondents.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

* Leeson, J., *vice* Buttler, J., retired.

De MUNIZ, J.

## De MUNIZ, J.

Claimant seeks review of an order of the Workers' Compensation Board holding that the insurer was permitted to reclassify her claim from disabling to nondisabling, but that the Board did not have jurisdiction to consider the merits of the resulting classification.

Claimant developed back problems in 1988, while working for employer. She first sought treatment in August, 1989, and on September 29, 1989, filed a claim for a back injury. In February, 1990, Liberty Northwest Insurance Corp. (Liberty) accepted a claim for a disabling lumbosacral strain. In September, 1990, it issued a second notice of acceptance, in which it described the claim as nondisabling.

Claimant did not seek review of that determination by the Department of Insurance and Finance (DIF), as provided by ORS 656.262(6)(c), believing that, because the reclassification had not occurred until more than one year after the date of the injury, a request would have been untimely. Instead, she requested a hearing, protesting the reclassification of the claim.

In affirming the referee, the Board held that there was no statutory bar to reclassifying a claim from disabling to nondisabling. It concluded, however, that the time limitation was inapplicable, because the claim had been reclassified more than one year from the date of the injury and it would be impossible for claimant to comply with the requirement of ORS 656.262(6)(c) that the request to DIF be made within one year of the date of the injury. It held that claimant had no deadline for challenging the reclassification with DIF, but that she must do that before seeking a hearing. Accordingly, the Board ruled that it could not decide the merits of the appeal.

The pertinent statutes do not expressly permit or prohibit reclassification of a claim. ORS 656.268(4)(e) and (5) provide:

"(e) If a worker objects to the notice of closure, the worker first must request reconsideration by the department under this section.

"* * * * *

"(5)   Within 10 working days after the department receives the medical and vocational reports relating to an accepted disabling injury, the claim shall be examined and further compensation, including permanent disability award, if any, determined under the director's supervision. If necessary the department may require additional medical or other information with respect to the claim, and may postpone the determination or reconsideration for not more than 60 additional days. If the worker, the insurer or self-insured employer objects to a determination order issued by the department, the objecting party must first request reconsideration of the order. At the reconsideration proceeding, the worker or the insurer or self-insured employer may correct information in the record that is erroneous and may submit any medical evidence that should have been but was not submitted by the physician serving as the attending physician at the time of claim closure."

ORS 656.277 provides:

"Claims for nondisabling injuries shall be processed in the same manner as claims for disabling injuries, except that:

"(1)   If within one year after the injury, the worker claims a nondisabling injury is disabling, the insurer or self-insured employer, upon receiving notice or knowledge of such a claim, shall report the claim to the director for determination pursuant to ORS 656.268.

"(2)   A claim that a nondisabling injury has become disabling, if made more than one year after the date of injury, shall be made pursuant to ORS 656.273 as a claim for aggravation.

"(3)   A claim for a nondisabling injury shall not be reported to the director by the insurer or self-insured employer except:

"(a)   When a notice of claim denial is filed;

"(b)   When the status of the claim is as described in subsection (1) or (2) of this section;

"(c)   When the worker objects to a decision that the injury is nondisabling and requests a determination thereon; or

"(d)   When otherwise required by the director."

ORS 656.262(6) provides, in part:

"The notice of acceptance shall:

"(a)   Specify what conditions are compensable.

"(b)   Advise the claimant whether the claim is considered disabling or nondisabling.

"(c)   Inform the claimant of the Expedited Claim Service, of hearing and aggravation rights concerning nondisabling injuries, *including the right to object to a decision that the injury of the claimant is nondisabling by requesting a determination thereon pursuant to ORS 656.268 within one year of the date of injury.*" (Emphasis supplied.)

The substantive advantage to the employer of classifying a claim as nondisabling is that the aggravation rights run from the date of the injury rather than from the date of the first determination order or notice of closure. ORS 656.273(4).

Claimant contends that, although there is no statute specifically prohibiting an insurer from reclassifying a claim from disabling to nondisabling more than one year from the date of the injury, that procedure is contrary to the statutory scheme. We agree. As contemplated by ORS 656.262(6)and ORS 656.268, a claimant is entitled to reconsideration by DIF of the employer's decision to reclassify the claim as nondisabling. If the claim is reclassified more than one year from the date of the injury, the claimant is precluded, through no fault of her own, from seeking reconsideration by DIF. We conclude that, if an employer chooses to reclassify a claim from disabling to nondisabling, it must do so within sufficient time to permit the claimant to challenge the reclassification within one year from the date of the injury. If, as here, it does not act within one year, then it must process the claim to closure. The notice of closure or determination order can then be reconsidered by DIF pursuant to ORS 656.268(4)(e) or (5).

Reversed and remanded with instructions to order employer to process the claim as disabling.