Argued and submitted June 29, 1992, affirmed May 12, 1993

In the Matter of the Compensation of
Pat E. Normandeau, Claimant.

Pat E. NORMANDEAU,
*Petitioner,*

*v.*

AETNA CASUALTY & SURETY COMPANY
and Astoria Oil Services,
*Respondents.*

(90-14753; CA A72856)

852 P2d 217

Jan H. Faber, Astoria, argued the cause for petitioner. With her on the brief was Patrick Lavis, P.C., Astoria.

Darren Otto, Portland, argued the cause for respondents. With him on the brief was Scheminske & Lyons, Portland.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

**DURHAM, J.**

Claimant seeks review of a Workers' Compensation Board order determining that the five-year period during which he has a right to bring aggravation claims runs from the date of his injury. We review for errors of law and substantial evidence, ORS 656.298(6); 183.482(8), and affirm.

Claimant suffered a back injury in 1986, which the insurer accepted as nondisabling.[1] Claimant did not challenge the classification. When the insurer sought to close the claim in 1990, it mistakenly submitted a determination order request to the Evaluation Section of the Department of Insurance and Finance (DIF).[2] DIF responded that it could not issue a determination order unless the insurer was either reporting a disabling aggravation or requesting a change in the original classification. It instructed the insurer that "[c]hecking the box marked 'original injury' [on the form] will tell us that you have decided that this claim has always been disabling." The insurer denies that it ever decided the claim was disabling, but, for reasons not explained, the insurer submitted a new form and checked the "original injury" box. DIF interpreted that as a decision by the insurer that the claim had always been disabling. DIF issued a determination order with a notation that claimant's right to bring aggravation claims would expire five years from the date of that determination order.

This time period was calculated using the method applicable to disabling injuries. ORS 656.273(4) provides:

"(a)   The claim for aggravation must be filed within five years after the first determination or the first notice of closure made under ORS 656.268.

"(b)   If the injury has been in a nondisabling status for one year or more after the date of injury, the claim for aggravation must be filed within five years after the date of injury."

---

[1] A "nondisabling compensable injury" is one that requires only medical services. ORS 656.005(7)(d).

[2] Claims for *disabling* injuries can be closed by requesting a determination order from DIF. ORS 656.268(2)(a).

On review, the Board concluded that DIF had no authority to treat the claim as disabling because more than one year had passed from the date of injury. At the time of this proceeding, ORS 656.262(12) provided, in part:

"A claim that a nondisabling injury has become disabling, if made more than one year after the date of injury, shall be made * * * as for a claim for aggravation."

The Board also concluded that claimant failed to establish that the injury became disabling within one year after the injury.

Claimant argues that DIF retained authority to correct the classifications of injuries that were misclassified from the outset and that it properly corrected the classification of his injury because the insurer "behaved as if this claim had always been considered disabling." The insurer denies that it intended to acknowledge any misclassification of claimant's injury.[3] Claimant has the burden to establish a misclassification. ORS 656.266 provides, in part:

"The burden of proving * * * the nature and extent of any disability resulting [from the injury] is upon the worker."

The Board found that claimant did not meet his burden. Substantial evidence supports the Board's finding.

Claimant also contends that the insurer knew of a need for reclassification within the first year, that the insurer failed to properly notify claimant of his right to seek reclassification, and that the insurer should be equitably estopped from challenging reclassification of the claim. The Board rejected the factual predicate for those arguments when it found that the record did not establish that the injury

---

[3] As amended in 1990, ORS 656.262(6) provides, in part:

"The notice of acceptance shall:

"* * * * *

"(c) Inform the claimant of * * * the right to object to a decision that the injury of the claimant is nondisabling by requesting a determination thereon pursuant to ORS 656.268 within one year of the date of injury."

We recently held that, under the new statute,

"if an employer chooses to reclassify a claim from disabling to nondisabling, it must do so within sufficient time to permit the claimant to challenge the reclassification within one year from the date of injury. If, as here, it does not act within one year, then it must process the claim to closure." *DeGrauw v. Columbia Knit, Inc.*, 118 Or App 277, 281, 846 P2d 1214 (1993).

became disabling within one year of the injury. The finding is supported by substantial evidence.

Affirmed.