Argued and submitted October 15, 1998, affirmed June 2, 1999

In the Matter of the Compensation of
Gerrardo Alcantar-Baca, Claimant.

Gerrardo ALCANTAR-BACA,
*Petitioner,*

*v.*

LIBERTY NORTHWEST INSURANCE CORPORATION
and Rincon Reforestation,
*Respondents.*

(WCB 97-02281; CA A100987)

983 P2d 1038

Edward J. Harri argued the cause for petitioner. With him on the brief were Randy Elmer and Emmons, Kropp, Kryger, Alexander, Egan and Elmer, P.C.

Alexander D. Libman argued the cause and filed the brief for respondents.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

HASELTON, J.

## HASELTON, J.

Claimant seeks review of an order of the Workers' Compensation Board that determined that, because his request for reclassification of an injury from nondisabling to disabling was made more than one year after the date of his injury, that request is time-barred under ORS 656.277(1) and must, instead, be processed as an aggravation claim under ORS 656.277(2). We agree with the Board's ultimate conclusion that ORS 656.277(2) requires claimant's request for reclassification to be made as an aggravation claim. Accordingly, we affirm.

Claimant injured his right ankle on May 10, 1995, while working for employer as a tree planter. He reported the incident to employer immediately but did not file a claim or seek medical treatment until April 1996, 11 months after the injury. On June 14, 1996, more than a year after the injury occurred, employer's insurer accepted the claim as a "nondisabling" right ankle sprain.[1] On August 22, 1996, 15 months after the injury, claimant wrote a letter to insurer requesting reclassification of his claim from nondisabling to disabling pursuant to ORS 656.277(1).[2]

ORS 656.277 provides, in part:

"(1) If *within one year after the injury*, the worker claims a nondisabling injury originally was or has become disabling, the insurer or self-insured employer, upon receiving notice or knowledge of such a claim, shall report the claim to the Director of the Department of Consumer

---

[1] The Oregon Workers' Compensation statute defines a "nondisabling compensable injury" as "any injury which requires medical services only," ORS 656.005(7)(d), and a "disabling compensable injury" as "an injury which entitles the worker to compensation for disability and death." ORS 656.005(7)(c). A notice of acceptance of a claim must "advise the claimant whether the claim is considered disabling or nondisabling." ORS 656.262(6)(b)(B).

[2] The primary substantive effect of the classification of a claim relates to the extent of a claimant's statutory aggravation rights. *See* ORS 656.273(4). A claimant whose claim is classified as "disabling" is entitled to statutory aggravation rights for a period of five years *from the date of the first determination order or notice of closure.* ORS 656.273(4)(a). A claimant whose claim is in "nondisabling status" for a year or more after the date of injury is entitled to aggravation rights running five years *from the date of the original injury.* ORS 652.273(4)(b).

and Business Services for determination pursuant to ORS 656.268.

"(2)   A claim that a nondisabling injury originally was or has become disabling, if made *more than one year after the date of injury*, shall be made pursuant to ORS 656.273 as a claim for aggravation." (Emphasis added.)

Based on ORS 656.277(2), the Director of the Department of Consumer and Business Services (DCBS) issued a Proposed and Final Order on April 16, 1997, dismissing claimant's request for reclassification because it was made more than one year after the date of injury. The Director concluded:

"In this case, the claimant did not request reclassification of the right ankle sprain within one year from the date of injury. To do so was an impossibility since the insurer did not find the ankle sprain compensable until well after a year from the date of injury. Therefore, based upon the limiting language of ORS 656.277, the director does not have jurisdiction to consider the merits. However, the claimant is not without a remedy. Since the claimant was precluded, through no fault of his own, from requesting reclassification of the right ankle sprain within one year from the date of injury, the claimant may find a remedy at the Board."

Claimant then requested a hearing before the Hearings Division. In July 1997, the administrative law judge issued an opinion and order, that concluded that "because claimant had lost wages within one year of the date of the injury of this accepted claim, his accepted right ankle sprain should be reclassified from nondisabling to disabling." In so holding, the ALJ reasoned that, under *DeGrauw v. Columbia Knit, Inc.*, 118 Or App 277, 846 P2d 1214, *rev den* 316 Or 527 (1993), the Hearings Division had jurisdiction to consider claimant's request for reclassification notwithstanding that it was made more than one year after the date of injury. Insurer sought review, and the Board reversed, holding that "because claimant requested reclassification more than one year after the date of injury, his request is barred under ORS 656.277(1) and he is required to prove a valid aggravation claim under ORS 656.277(2)." Claimant seeks review of the Board's order, again relying on *DeGrauw*, and we review for errors of law. ORS 183.482(7).

Whether claimant's request for reclassification of his claim from nondisabling to disabling may be made to the Director under ORS 656.277(1) or must be made as an aggravation claim under ORS 656.277(2) is a matter of statutory construction. Our task in interpreting a statute is to discern the intent of the legislature. ORS 174.020; *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993).

We begin with the text of ORS 656.277. Subsection (1) explicitly provides that requests for reclassification can be made to the Director only if the claim is made "within one year after the injury * * *." Subsection (2) provides that "[a] claim that a nondisabling injury originally was or has become disabling, if made more than one year after the date of injury, shall be made pursuant to ORS 656.273 as a claim for aggravation." The statutory text thus admits to only one construction: Within one year of the date of injury, claims for reclassification are determined by the Director of DCBS; more than one year after the date of injury, such claims must be processed as aggravation claims. Here, it is undisputed that claimant's request for reclassification was made 15 months after the date of the injury. Given the plain language of ORS 656.277(2), the Board correctly concluded that, "because claimant requested reclassification more than one year after the date of injury, his request is barred under ORS 656.277(1) and he is required to prove a valid aggravation claim under ORS 656.277(2)."

Nevertheless, claimant argues that, under *DeGrauw*, he is entitled to request reclassification of his claim under ORS 656.277(1). In order to properly understand the reasoning of the Board, as well as the parties' positions, we begin by reviewing our decision in *DeGrauw*.

In *DeGrauw*, the claimant first sought medical treatment for back problems in August 1989[3] and filed a workers' compensation claim against her employer in September 1989. In February 1990, the insurer accepted the claim as a

---

[3] In *DeGrauw*, given the nature of the claimant's condition, the date of injury was August 1989, the date she first sought medical treatment. *See Papen v. Willamina Lumber Co.*, 123 Or App 249, 254, 859 P2d 1166 (1993), *rev den* 319 Or 81 (1994) ("The date of injury in an occupational disease case is either the date of disability or the date when medical treatment is first sought.").

"disabling" lumbosacral strain. In September 1990, more than a year after the date of injury, the insurer issued a second notice of acceptance, this time designating the claim as "nondisabling." Believing that a request for reclassification by the Director would have been untimely, the claimant requested a hearing challenging the insurer's reclassification of her claim. The Board determined that the insurer was not precluded from reclassifying the claim from disabling to nondisabling but noted that, by doing so more than one year after the date of injury, the insurer made it impossible for the claimant to request reclassification by the Director within one year of her injury, as provided by ORS 656.262(6)(c) and ORS 656.277(1).[4] For that reason, the Board concluded that the claimant was not subject to the one-year time limit for challenging the reclassification with the Department of Insurance and Finance (DIF) (DCBS's predecessor) under ORS 656.277(1), and that DIF—not the Board—had jurisdiction over the claimant's request for reclassification.

On judicial review, we reversed the Board's order because we agreed with the claimant that the insurer's reclassification of her claim more than one year after the date of injury—while not expressly prohibited by statute— violated the spirit of the statutory scheme:

"As contemplated by ORS 656.262(6) and ORS 656.268, a claimant is entitled to reconsideration by DIF of the employer's decision to reclassify the claim as nondisabling. If the claim is reclassified more than one year from the date of the injury, the claimant is precluded, through no fault of her own, from seeking reconsideration by DIF. *We conclude*

---

[4] Both ORS 656.262(6) and ORS 656.277(1) refer to the claimant's right to object to classification of an injury as nondisabling by requesting a determination by DCBS pursuant to ORS 656.268. *See* ORS 656.277(1) (providing that a request for reclassification made within one year of the date of injury shall be made to DCBS for determination *pursuant to ORS 656.268*); ORS 656.262(6)(b)(C) (providing that a notice of claim acceptance must inform claimants of their "right to object to a decision that the injury of the claimant is nondisabling by requesting a determination thereon *pursuant to ORS 656.268* within one year of the date of injury").

The relevant provision of ORS 656.268 provides, in part:

"(11) Upon receipt of a request made pursuant to ORS 656.262, this section or ORS 656.277, the Department of Consumer and Business Services shall determine whether the claim is disabling or nondisabling."

*that, if an employer chooses to reclassify a claim from disabling to nondisabling, it must do so within sufficient time to permit the claimant to challenge the reclassification within one year from the date of the injury.* If, as here, it does not act within one year, then it must process the claim to closure. The notice of closure of determination order can then be reconsidered by DIF pursuant to ORS 656.268(4)(e) or (5)." *DeGrauw*, 118 Or App at 281 (emphasis added).

Having so concluded, we reversed and remanded with instructions to order the employer to process the claim as initially classified, *i.e.*, as "disabling."

■     Applying *DeGrauw* to this case, the Board concluded:

"[U]nlike in *DeGrauw*, claimant did not file an injury claim until eleven months after his injury. The insurer had 90 days in which to accept the claim as either disabling or nondisabling. ORS 656.262(6)(a). The insurer's timely acceptance of claimant's claim as nondisabling issued more than one year after claimant's injury. Thus, claimant's request for reclassification more than one year after the date of injury was primarily the consequence of his own late filing, and not because he was prevented from timely requesting reclassification from the Department due to inactions of the carrier.

"Accordingly, because claimant requested reclassification more than one year after the date of injury, his request is barred under ORS 656.277(1) and he is required to prove a valid aggravation claim under ORS 656.277(2)."

On review, claimant argues that the Board erred in barring claimant's request for reclassification under ORS 656.277(1) because the reasoning in *DeGrauw* applies in the "initial" classification context and entitles claimant to request reclassification under ORS 656.277(1). Specifically, claimant asserts that he cannot be considered "at fault" for filing a claim 11 months after the injury occurred because ORS 656.265 explicitly provides claimants with a full year from the date of injury to file a claim.[5] Claimant cites

---

[5] ORS 656.265(4) provides:

"Failure to give notice as required by this section bars a claim under this chapter unless the notice is given within one year after the date of the accident and:

"(a)  The employer had knowledge of the injury or death; or

"(b)  The worker died within 180 days after the date of the accident."

*DeGrauw* as support for his argument that, because his failure to request reclassification within one year after injury was "through no fault of his own," he "should be able to challenge the classification by requesting a hearing."[6] We disagree for two reasons.

■ ■      First, both claimant and the Board interpret *DeGrauw* to create an equitable exception to the express one-year time limit of ORS 656.277; we disagree with that interpretation. *DeGrauw* did not create an exception to the unambiguous requirement in ORS 656.277(2) that "[a] claim that a nondisabling injury originally was or has become disabling, *if made more than one year after the date of injury*, shall be made * * * as a claim for aggravation." (Emphasis added.) Rather, in *DeGrauw* we addressed the limited issue of whether—in the absence of an express statutory time limit on an employer's ability to reclassify a claim—an employer could initially accept a claim *within* one year of the date of injury, and then later reclassify it *after* the one-year period had passed. We concluded that, where the initial classification was issued in time for the claimant to request reclassification within a year after the injury, it would be "contrary to the statutory scheme" to permit an employer to later reclassify a claim such that the claimant is unable to request reclassification within a year from the date of injury under ORS 656.277(1). *DeGrauw*, 118 Or App at 281. Accordingly, we held that "if an employer chooses to reclassify a claim from disabling to nondisabling, it must do so within sufficient time to permit the claimant to challenge the reclassification within one year from the date of the injury." *Id.* In so concluding, we implicitly rejected the notion that claimants are *ever* excused from the one-year time limit for requesting reclassification under ORS 656.227(1)—even when the claimant's untimeliness was not his fault. Thus, *DeGrauw* does not

---

[6] Although we understand claimant to argue that he should be entitled to challenge insurer's classification under ORS 656.277(1), his references to his right to request a "hearing" under that provision are somewhat confusing. ORS 656.277(1) provides for an administrative review of the insurer's claim classification by DCBS, not a hearing. *See* ORS 656.268(11). In all events, if claimant is, in fact, arguing that he is entitled to a hearing under ORS 656.283, that argument fails. *See* 161 Or App at 58 n 7 herein; *Shaw v. Paccar Wagner Mining*, 161 Or App 60, 983 P2d 1050 (1999).

stand for the proposition that a claimant may request reclassification under ORS 656.277(1) more than one year after the date of injury.

■ Second, we disagree with both claimant's and the Board's view that *DeGrauw*'s reasoning applies in the context of initial claim classification. Claimant asserts that, under *DeGrauw*, insurer had an "obligation to process the claim with sufficient diligence to permit claimant to challenge the classification of the claim should he be dissatisfied." While that is an accurate statement of *DeGrauw*'s holding in the *re*classification context, we decline to extend our holding beyond those circumstances. Application of *DeGrauw*'s reasoning in the initial classification context would yield the untenable result of requiring employers to initially classify all claims "within sufficient time to permit the claimant to challenge the [ ]classification within one year from the date of the injury." *DeGrauw*, 118 Or App at 281. Such a requirement cannot be squared with the statutory scheme, which — unlike in the reclassification context in *DeGrauw* — expressly provides a time line for initial claim classification: A claimant has up to one year after the date of injury to file a claim, ORS 656.265(4), and an employer has 90 days to accept or deny a claim. ORS 656.262(6)(a). Under that time line, even if both claimant and employer act within the periods specified by statute, the employer's acceptance and initial classification might issue more than one year after the date of the injury. Thus, requiring employers to initially classify all claims within one year from the date of injury does not comport with the statutory scheme.

We conclude that *DeGrauw*'s reasoning applies only to the reclassification context at issue there and cannot be extended to excuse claimant from complying with ORS 656.277(2)'s requirement that "a claim that a nondisabling injury originally was or has become disabling, if made more than one year after the date of injury shall be made pursuant to ORS 656.273 as a claim for aggravation." Our conclusion that *DeGrauw* does not save claimant's request under ORS 656.277(1) does not, however, end our inquiry.

Claimant next argues that he should be permitted to challenge the initial classification of his claim as nondisabling under ORS 656.277(1) because—despite the plain language of the statute—logic prohibits requiring him to frame his challenge as a "claim for aggravation" as required by ORS 656.277(2). Claimant points to the fact that, in order to successfully prove an aggravation claim under ORS 656.273, an injured worker is required to prove a "worsened condition." ORS 656.273(1). Claimant asserts that, if an injured worker's condition is disabling from the outset—but is initially classified as "nondisabling" more than a year after the date of injury then the worker's request for reclassification in the form of an aggravation claim will necessarily fail because it would be impossible for the worker to show the requisite "worsening." That is, if the claimant's condition was originally disabling and remains disabling, then it may be impossible to demonstrate a "worsening" because the condition has *always* been disabling. In claimant's view, in order to provide meaningful review, a claimant must be permitted to challenge the initial classification under ORS 656.277(1) even where the request is made more than one year after the date of injury. Claimant's understanding of the practical operation of the statutes is correct; in the scenario just described, the statutes dictate an entirely unworkable result. Nevertheless, his arguments fail for the reasons that follow.

Claimant's approach, however practical and sensible, cannot be reconciled with the explicit mandatory language of ORS 656.277(2): "A claim that a nondisabling injury *originally was* or has become disabling, if made more than one year after the date of injury, *shall be made* * * * as a claim for aggravation." (Emphasis added.) The phrase "originally was" unambiguously states that even claims that an injury "originally was" disabling—*i.e.*, claims challenging initial classification—must be processed as aggravation claims when made more than one year after the date of injury.[7] We

---

[7] For that reason, the Board's reasoning in *Donald R. Dodgin*, 45 Van Natta 1642 (1993), was erroneous. In *Dodgin*, the Board concluded:

"[T]he statutory scheme provides that a claimant has a right to object to a nondisabling classification. We conclude, therefore, that the claimant should have a meaningful opportunity to exercise that right.

"For these reasons, we reject SAIF's contention that a claimant must make his reclassification request as an aggravation claim. An aggravation is established

readily acknowledge that, as claimant points out, that construction of ORS 656.277(2) both deprives the phrase "originally was" of any practical effect and deprives certain claimants of meaningful review of the initial classification of their claim. However, the text of the statutes and our principles of statutory construction unambiguously compel that result. *See PGE*, 317 Or at 611.[8]

No matter how implausible its application may be in certain circumstances, ORS 656.277 is unambiguous. We are not free to rewrite ORS 656.277 to allow claimant the opportunity to challenge the initial classification of his claim under ORS 656.277(1) more than one year after the date of injury, because to do so would entail either adding or omitting statutory language. *See* ORS 174.010. Amendment, if appropriate, lies with the legislature.[9]

The Board did not err in holding that claimant's challenge to the initial classification of his claim must be processed as an aggravation claim under ORS 656.277(2).

Affirmed.

---

by proof that a claimant has a worsened condition * * *. ORS 656.273(1); *Smith v. SAIF*, 302 Or 396, 399 (1986). It would be virtually impossible for a claimant whose injury was, in fact, disabling from the outset to establish a change in condition. Thus, if his claim was classified as nondisabling more than a year after the date of injury, the claimant would be effectively denied an opportunity to object to the classification. Such a result is not consistent with the statutory scheme.

"Rather, we believe that, inasmuch as an objection to a nondisabling classification is a matter 'concerning a claim,' ORS 656.283(1) allows claimant the opportunity to make that objection. That is, claimant may object to an initial claim classification by requesting a hearing, as he did in this case."

Although we fully appreciate the concerns underlying the Board's reasoning in *Dodgin*, its holding cannot be squared with the language of ORS 656.277(2). We note, moreover, that, following the Board's decision in *Dodgin* in 1993, the legislature amended ORS 656.277(2) to include the phrase "originally was." Or Laws 1995, ch 332, § 32. Thus, while the Board's holding that ORS 656.277(2) (1993) did not apply to challenges to initial claim classifications was somewhat plausible with respect to the 1993 version of the statute, it cannot apply to the current statute's clear language that "a claim that an injury * * * originally was disabling shall be made * * * as a claim for aggravation." ORS 656.277(2).

[8] *Cf. Young v. State of Oregon*, 161 Or App 32, 983 P2d 1044 (1999) (Haselton, J., concurring).

[9] We note that the legislative history of the 1995 amendment to ORS 656.277, which inserted the phrase "originally was," characterizes that amendment as *"Housekeeping only."* Staff Measure Summary, Senate Committee on Labor and Government Operations, Senate Bill 369, March 6, 1995, § 32 (emphasis added).