Argued and submitted October 15, 1998, reversed and remanded June 2, 1999

In the Matter of the Compensation of
John B. Shaw, Claimant.

John B. SHAW,
*Petitioner,*

*v.*

PACCAR WAGNER MINING,
*Respondent.*

(96-0277M; WCB 96-10371; CA A100807)

983 P2d 1050

Linda C. Love argued the cause and filed the brief for petitioner.

David Johnstone argued the cause for respondent. With him on the brief was VavRosky, MacColl, Olson, Busch & Pfeifer, P.C.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

HASELTON, J.

## HASELTON, J.

Claimant seeks review of a Workers' Compensation Board order that (1) denied his request for reclassification of his claim from "nondisabling" to "disabling"; and (2) held that, pursuant to ORS 656.273(4)(b), claimant's aggravation rights expire five years after the date of his injury. We conclude that the Board erred in considering claimant's request for reclassification as a "matter concerning a claim" under ORS 656.283. *See Alcantar-Baca v. Liberty Northwest Ins. Corp.*, 161 Or App 49 , 983 P2d 1038 (1999). Accordingly, we reverse and remand for the Board to reconsider in light of *Alcantar-Baca.*

Claimant worked for Wagner Mining (now known as PACCAR Wagner Mining) for 26 years, predominantly as a "press brake" operator on a 600-ton capacity press. On January 11, 1988, claimant filed a claim for a neck-arm-shoulder occupational disease, listing the date of the onset of the occupational disease as November 24, 1987. Claimant did not miss work at that time but did seek medical treatment. Employer, who was self-insured at that time, initially deferred the claim but shortly thereafter provided benefits for the medical treatment claimant received in connection with his neck pain. Employer did not send claimant a formal notice of acceptance of his claim at that time.

On December 13, 1994, claimant underwent surgery on his neck. He sought workers' compensation coverage for the surgery under three separate claims he had filed during the course of his employment with Wagner Mining, including the November 1987 claim for neck-arm-shoulder pain. Employer denied responsibility for claimant's surgery expenses on all three claims, and claimant requested a hearing before an administrative law judge (ALJ). On review, the ALJ found that employer's insurer had accepted claimant's November 1987 neck-arm-shoulder claim in 1988; that claimant's upper vertebrate fracture and related problems were accepted as part of the 1987 occupational disease claim; and that claimant had not sustained either a new compensable injury or a new occupational disease involving his neck since that time. Based on those findings, the ALJ determined

that "current responsibility for claimant's occupational disease processes continues with [employer's insurer at the time of the November 1987 injury]." On review, the Board affirmed that order. Following the Board's determination that employer was responsible for claimant's neck condition under the 1987 claim, employer issued a formal notice of acceptance of the 1987 claim in November 1996—nine years after the "date of injury."[1] Pursuant to ORS 656.262(6), the acceptance advised claimant that the claim was accepted as "nondisabling."[2]

After receiving the formal notice of acceptance of his claim, claimant requested a hearing on the ground that his claim should be reclassified as disabling because his injury was disabling at the time of the formal acceptance—*i.e.*, regardless of whether the injury was disabling in 1987, it was disabling by December 1996.[3] The timing and procedure for requesting reclassification of a claim from nondisabling to disabling is provided in ORS 656.277:

"(1) If *within one year after the injury*, the worker claims a nondisabling injury originally was or has become disabling, the insurer or self-insured employer, upon receiving notice or knowledge of such a claim, shall report the claim to the Director of the Department of Consumer and Business Services for determination pursuant to ORS 656.268.

"(2) A claim that a nondisabling injury originally was or has become disabling, if made *more than one year after*

---

[1] *See Papen v. Willamina Lumber Co.*, 123 Or App 249, 254, 859 P2d 1166 (1993), *rev den* 319 Or 81 (1994) ("The date of injury in an occupational disease case is either the date of disability or the date when medical treatment is first sought.").

[2] The Oregon workers' compensation statute defines a "nondisabling compensable injury" as "any injury which requires medical services only," ORS 656.005(7)(d), and a "disabling compensable injury" as "an injury which entitles the worker to compensation for disability and death." ORS 656.005(7)(c). A notice of acceptance of a claim must "advise the claimant whether the claim is considered disabling or nondisabling." ORS 656.262(6)(b)(B).

[3] The primary substantive effect of the classification of a claim relates to the extent of a claimant's statutory aggravation rights. *See* ORS 656.273(4). A claimant whose claim is classified as "disabling" is entitled to statutory aggravation rights for a period of five years *from the date of the first determination order or notice of closure*. ORS 656.273(4)(a). A claimant whose claim is in "nondisabling status" for a year or more after the date of injury is entitled to aggravation rights running five years *from the date of the original injury*. ORS 652.273(4)(b).

*the date of injury*, shall be made pursuant to ORS 656.273 as a claim for aggravation." (Emphasis added.)

After a hearing, the ALJ issued an opinion and order holding that, even though claimant's request for reclassification was made more than one year after the date of injury, it need not be processed as an aggravation claim pursuant to ORS 656.277(2). Citing *DeGrauw v. Columbia Knit, Inc.*, 118 Or App 277, 846 P2d 1214, *rev den* 316 Or 527 (1993), and *Donald R. Dodgin*, 45 Van Natta 1642 (1993), the ALJ determined that claimant was entitled to challenge the initial classification of his claim before the Hearings Division under ORS 656.283[4] because it was not claimant's fault that he could not challenge the classification of his claim until employer issued the formal acceptance six years after the injury, and it would therefore be unfair to require claimant to comply with ORS 656.277(2). However, the ALJ concluded, claimant failed to prove that his claim was misclassified because he did not show that his injury was "disabling" within one year of the date of the original injury.

At the hearing, claimant also asked for a determination that, because his injury was not in "nondisabling status" for a year or more after the date of injury, his aggravation rights run five years from the date of first closure of the claim pursuant to ORS 656.273(4)(a). The ALJ disagreed and held that, because claimant's injury was in "nondisabling status" for a year or more after the date of injury, claimant's aggravation rights under ORS 656.273(4)(b) expired five years after the date of the injury.

Claimant requested review, and the Board adopted and affirmed the ALJ's opinion. Claimant now seeks review of the Board's order, challenging both aspects.

We do not address the particulars of claimant's arguments because those arguments—and employer's responses—proceed from the premise that the Board correctly considered, and analyzed, claimant's request for

---

[4] ORS 656.283 provides, in part:

"(1) * * * [A]ny party * * * may at any time request a hearing on any matter concerning a claim, except matters for which a procedure for resolving the dispute is provided in another statute * * *."

reclassification as a "matter concerning a claim" under ORS 656.283(1), and not as a "claim for aggravation" pursuant to ORS 656.277(2). That premise is incorrect. *See Alcantar-Baca*, 161 Or App at 58 n 7.

As we explain in *Alcantar-Baca*, *DeGrauw* "does not stand for the proposition that a claimant may request reclassification under ORS 656.277(1) more than one year after the date of injury." *Id.* at 57. Similarly, given the explicit language of ORS 656.277(2), a request for reclassification made more than one year after the date of injury *must* be made "pursuant to ORS 656.273 as a claim for aggravation." That language admits to no exceptions—"equitable" or otherwise. Consequently, the Board's holding in *Dodgin* that such a request can be considered under ORS 656.283 is erroneous. *Id.* at 58 n 7.

Claimant's request for reclassification must, thus, be "made pursuant to ORS 656.273 as a claim for aggravation." ORS 656.277(2). Accordingly, we reverse and remand for reconsideration.

Reversed and remanded for reconsideration in light of *Alcantar-Baca v. Liberty Northwest Ins. Corp.*, 161 Or App 49, 983 P2d 1038 (1999).