Argued and submitted November 10, 1998, reversed and remanded
December 29, 1999

In the Matter of the Compensation of
Kenneth L. Green, Claimant.

JAMES RIVER CORPORATION,
aka Fort James Corporation,
*Petitioner,*

*v.*

Kenneth L. GREEN,
*Respondent.*

(WCB 97-02171; CA A101134)

993 P2d 157

Jerald P. Keene argued the cause and filed the brief for petitioner.

Robert Pardington argued the cause for respondent. With him on the brief was Pozzi, Wilson, Atchison LLP.

Before Landau, Presiding Judge, and Linder and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Self-insured employer James River Corporation (James River) seeks review of an order of the Workers' Compensation Board declining to apportion responsibility between James River and claimant's former employer, Crown Zellerbach, and assigning responsibility for claimant's entire hearing loss to James River. Because we agree with James River that the Board erred, we reverse its order and remand for reconsideration.

The facts are undisputed. Claimant has worked as a millwright at the same mill for approximately 27 years, where he has been exposed to high levels of noise. Until 1976, the mill was owned by Crown Zellerbach and insured by SAIF. In 1976, James River acquired the mill. Within 180 days preceding the change in ownership, claimant had an audiogram that measured his hearing loss at 22.25 percent in each ear. He did not file a claim at that time. In 1995, claimant had his hearing tested again and, after taking into account the effects of age, claimant's rateable hearing loss was determined to be 27.5 percent in the right ear and 18.75 percent in the left ear.

It is not disputed that claimant's hearing loss in excess of age-related hearing loss is related to his employment of the last 27 years and that the major contributing cause of claimant's hearing loss was his employment with Crown Zellerbach. Claimant filed claims with both James River and Crown Zellerbach. Pursuant to an ORS 656.307 order, James River was held responsible. Later James River issued a notice of closure awarding claimant disability for his hearing loss as measured in 1995, less the loss attributable to claimant's work for Crown Zellerbach before 1976.

Claimant challenged James River's notice of closure, and the Board ultimately determined that James River should pay claimant disability for his entire rateable hearing loss. James River asserts that the Board erred and that, pursuant to OAR 436-035-0250, responsibility for claimant's hearing loss must be apportioned between James River and Crown Zellerbach. We agree.

The parties agree that OAR 436-035-0250 applies. It provides, in part:

> "Compensation may be given only for loss of normal hearing which results from an on-the-job injury or exposure, if adequately documented by a baseline audiogram obtained within 180 days of assignment to a high noise environment."

In affirming the order of the administrative law judge (ALJ) that assigned responsibility for claimant's total hearing loss to James River, the Board did not discuss the administrative rule but instead reasoned that James River had succeeded to Crown Zellerbach's interests. It further reasoned that, although the medical evidence showed that the major contributing cause of claimant's hearing loss was his work for Crown Zellerbach, James River, by seeking an order under ORS 656.307 to determine responsibility between it and Crown Zellerbach, had implicitly acknowledged its responsibility under the last injurious exposure rule.

We agree with James River that the record does not support the Board's conclusion that James River assumed Crown Zellerbach's obligations to injured workers. The Board's further reason gives no support to its decision to assign full responsibility to James River; if anything, it supports apportionment pursuant to the administrative rule.

We also agree with James River that our case law, specifically *Nomeland v. City of Portland*, 106 Or App 77, 806 P2d 175 (1991), and *Papen v. Willamina Lumber Co.*, 123 Or App 249, 859 P2d 1166 (1993), generally supports the concept of apportionment of responsibility between employers in hearing loss cases. We recognize, as claimant asserts, that both of those cases can be read to suggest that when the entire hearing loss is employment related, the last injurious exposure rule might be applicable to assign responsibility for the entire hearing loss to the most recent employer, although the loss occurred through successive employments. *Id.* at 253; *Nomeland*, 106 Or App at 81. That discussion is *dictum*, however, and it is followed in *Nomeland* by the dispositive language providing that, "when injuries are so distinct that it is possible to segregate them in terms of causation, responsibility for the injuries can and will be apportioned between or

among the employers." *Id.* at 81 (citing *Cascade Corporation v. Rose*, 92 Or App 663, 759 P2d 1127 (1988)).

That analysis is particularly apt in the context of a claim for hearing loss when, as here, the loss attributable to successive employments can be determined by audiograms. It is undisputed that claimant's 1976 audiogram establishes the hearing loss that is attributable to his employment with Crown Zellerbach and that the 1995 audiogram establishes the hearing loss attributable to claimant's employment with James River. In that circumstance, OAR 436-035-0250 achieves apportionment in a manner consistent with our cases, as well as the requirement of ORS 656.214(2) that a worker receive benefits for permanent partial disability "due to" the industrial injury. Claimant did not challenge the rule in this proceeding. We therefore reverse and remand the Board's order for reconsideration and apportionment of responsibility pursuant to OAR 436-035-0250.

Reversed and remanded.