Argued and submitted November 29, 2001, reversed and remanded
February 27, 2002

In the Matter of the Compensation of
Jon O. Norstadt, Claimant.

Jon O. NORSTADT,
*Petitioner,*

*v.*

LIBERTY NORTHWEST INSURANCE CORPORATION
and Douglas County Forest Products,
*Respondents.*

99-10123; A111706

41 P3d 1097

Thomas M. Cary argued the cause for petitioner. With
him on the briefs was Cole, Cary, Wing & Bloom, P.C.

David O. Wilson argued the cause and filed the brief for respondents.

Before Edmonds, Presiding Judge, and Armstrong, Judge, and Byers, Senior Judge.

BYERS, S. J.

**BYERS, S. J.**

Claimant seeks judicial review of an order of the Workers' Compensation Board (Board) denying his request for reclassification due to lack of jurisdiction. Claimant assigns as error the Board's use of the "date of injury" of ORS 656.277(1) (1995) rather than the "date of acceptance" found in ORS 656.277(1) (1999) in determining whether his request was timely. We reverse and remand.

Claimant worked for many years and for many employers in the wood products industry. In 1993, he became aware that his bilateral hearing loss was work-related and filed workers' compensation claims against some of his past employers. The Board declared claimant's hearing loss compensable but found none of the employers joined in the proceedings were responsible. On judicial review, this court reversed, concluding that, under ORS 656.308(2) (1990), insurers that do not properly disclaim responsibility are precluded from asserting lack of responsibility as a defense. *Norstadt v. Murphy Plywood*, 148 Or App 484, 941 P2d 1030, *on recons* 150 Or App 245, 945 P2d 654 (1997), *rev den* 327 Or 432 (1998). On remand, the Board assigned responsibility for the claim to Liberty Northwest Insurance Corporation (Liberty). On May 12, 1999, Liberty issued a Notice of Acceptance of the hearing loss claim, classifying it as "nondisabling."

On May 27, 1999, claimant wrote to the Department of Consumer and Business Services (Department) requesting correction[1] of the classification to disabling. The Department treated the letter as a request for reclassification and denied it for lack of jurisdiction because the request had not been made within one year from the date of injury as required by ORS 656.277(1) (1995), which was then in effect. Claimant appealed this determination by requesting a hearing, but then withdrew the request, and his appeal was dismissed "without prejudice."

---

[1] Claimant sought a "correction" rather than reclassification because on the original form (Form 108) denying the claim Liberty had checked the box "disabling." However, all other reports show the loss classified as "nondisabling."

In the meantime, the 1999 Legislature amended ORS 656.277(1). The amended statute, which became effective on October 23, 1999, provided, in pertinent part:

"A request for reclassification by the worker of an accepted nondisabling injury that the worker believes was or has become disabling must be submitted to the insurer or self-insured employer. The insurer or self-insured employer shall classify the claim as disabling or nondisabling within 14 days of the request if the request is received within one year after the date of acceptance."[2]

Three days after the 1999 amendments became law, claimant submitted a request for reclassification to Liberty. Liberty denied the request, and claimant sought review by the Department. The Department order continued the claim as nondisabling and claimant requested a hearing. On review, the Board concluded that claimant's request for reclassification was governed by the "date of injury," test of ORS 656.277(1) (1995), and under that test claimant's rights had expired. Claimant then sought judicial review.

■  In determining which version of the statute applies to claimant's request, we are governed by legislative intent. We seek that intent first by looking to the text and context of the statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). We find nothing in the text or context indicating that the procedure and the time limit specified in the 1999 legislation should not apply to requests made under that procedure. Once the amendments became law, there was no other procedure for claimant to use. Due to the intervening litigation, claimant never had an opportunity to seek reclassification. By the time that litigation was resolved, the period for requesting reclassification under the old law had expired. *See Alcantar-Baca v. Liberty Northwest Ins. Corp.*, 161 Or App 49, 983 P2d 1038 (1999). The usual rule of construction assumes the legislature "wanted remedial or procedural statutes to apply to pending cases." *Rhodes v. Eckelman*, 302 Or 245, 248, 728 P2d 527 (1986) (legislature

---

[2] The 2001 Legislature amended ORS 656.277(1) to delete the phrase "if the request is received within one year after the date of acceptance." Or Laws 2001, ch 350, § 2.

did not intend to revive an invalid notice by change in procedure). We conclude that the 1999 amendments apply to claimant's request.

Liberty contends that applying the 1999 version of ORS 656.277(1) to claimant's request violates ORS 656.202(2),[3] in that reclassification of claimant's claim would determine whether certain benefits are authorized. We reject that contention for two reasons: First, the law that will determine whether claimant's hearing loss is disabling or nondisabling will be the law in effect as of the date of his injury (March 11, 1992). Second, as this court pointed out in *Burnett v. Union Oil Distributors*, 60 Or App 483, 654 P2d 668 (1982), *rev den* 294 Or 569 (1983), ORS 656.202(2) is not "an absolute proscription" against retroactive application of workers' compensation statutes. In *Burnett*, we distinguished between statutes relating to "eligibility for coverage" and those relating to "whether and when a claim may be made." We held that a "claim for aggravation of a previous compensable injury should be processed under the statutory procedure in effect at the time the claim was made." *Id.* at 487-88; *see also Argonaut Insurance Companies v. Eder*, 72 Or App 54, 56, 695 P2d 72 (1985) (ORS 656.202(2) does not apply to the procedural requirements for filing a claim or to the period within which a claimant must file).

Claimant's request for reclassification was made under ORS 656.277(1) (1999) and within one year from the date of acceptance of his claim. Therefore, the Board has the authority to consider the request on the merits.

■ Liberty also contends that claimant's request for reclassification is barred as having been previously litigated. Liberty argues that the order denying claimant's first request became final when claimant withdrew his request for a hearing. However, that request was denied for lack of jurisdiction. Although correct at that time, it was not a determination on the merits. Consequently, the doctrine of preclusion due to

---

[3] ORS 656.202(2) provides:

"Except as otherwise provided by laws, payment of benefits for injuries or deaths under this chapter shall be continued as authorized, and in the amounts provided for, by the law in force at the time the injury giving rise to the compensation occurred."

prior litigation does not apply. *Drews v. EBI Companies*, 310 Or 134, 795 P2d 531 (1990); *see also Rennie v. Freeway Transport*, 294 Or 319, 656 P2d 919 (1982) (*res judicata* does not apply where action is dismissed on procedural ground without ruling on substantive validity).

Liberty's third argument is an attempt to revisit the issue resolved in the prior case. We decline to do so.

Reversed and remanded.